■   In the Matter of JOSEPH KATZ, Respondent. FULTON-WASHINGTON CORP. et al., Appellants.  In the Matter of JOSEPH KATZ, Respondent. 370 FULTON AVE. CORP. et al., Appellants.— Order unanimously affirmed.  No opinion.  Concur — Peck, P. J., Breitel, Bastow, Cox and Bergan, JJ.

■   KIPLING ARMS, INC., Appellant, v. HARRY ADAMS, Respondent.— Inasmuch as the final order directing issuance of the warrant has not been vacated, execution upon such warrant may not be stayed for a longer period than six months, as provided in section 1436-a of the Civil Practice Act.  Order unanimously reversed and the stay vacated, without costs.  Settle order on notice.  Concur — Breitel, J. P., Bastow, Botein and Rabin, JJ.

■   BEN AMES et al., Copartners Doing Business as JULIUS M. AMES & Co., Appellants, v. SENCO PRODUCTS, INC., Respondent, et al., Defendant.— Order vacating service of process on foreign corporation unanimously affirmed, with $20 costs and disbursements to the respondent.  While it is true that the limitation on service of process on foreign corporations has been lifted to a considerable extent by the United States Supreme Court in *International Shoe Co.* v. *Washington* (326 U. S. 310), the settled rule as to the extent or exercise of our jurisdiction in this State has not been changed.  Moreover, there are policy considerations which suggest that any change should be effected by legislation rather than by judicial decision.  In that way, circumstances affecting the convenience of commerce may be more generally considered.  The statutes adopted would provide wider notice to those, " not doing business within the state " who, nevertheless, may have occasion to enter the State for the purpose of making contracts here, or having them performed here.  Concur — Breitel, J. P., Bastow, Botein and Rabin, JJ.  [See *post,* p. 774.]

■   In the Matter of IRVING SCHONBUCH, Appellant, against CHARLES ABRAMS, as State Rent Administrator, Respondent.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the determination of the State Rent Administrator annulled, with costs.  The record before the Administrator justified his findings that plans were not filed with the department of housing and buildings and a certificate of occupancy was not obtained and that the accommodations are entirely substandard.  Subdivision 4 of section 9 of the State Rent and Eviction Regulations provides, however, that the regula- tions do not apply to " housing accommodations created by a change from a non-housing to a housing use on or after February first, nineteen hundred forty- seven ".  (See, also, State Residential Rent Law, § 2, subd. 2, par. [g], cl. 1; L. 1946, ch. 274, as amd.)  The Administrator was in error in treating the present application as one to decontrol the premises.  Here the apartment may not be decontrolled because it is exempt from control (cf. *Matter of Fiesta Realty Corp.* v. *McGoldrick,* 284 App. Div. 551, 557, revd. on procedural grounds 308 N. Y. 869).  The record discloses that in 1952 the landlord converted the rear portion of a store into the subject apartment and it is, therefore, not subject to control and beyond the jurisdiction of the Administrator.  (*Matter of Lo Presti* v. *McGoldrick,* 284 App. Div. 827, affd. 308 N. Y. 706; *Matter of Kruckel* v. *McGoldrick,* 281 App. Div. 811.)  Settle order on notice.  Concur — Breitel, J. P., Bastow, Botein and Rabin, JJ.