James Edward HUBBARD, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5327.

Supreme Court of Wyoming.

Oct. 27, 1980.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Laramie, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div. and John W. Renneisen, Asst. Atty. Gen., Crim. Div. (argued), for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant–defendant appeals from a judgment and sentence rendered after a jury found him guilty of the offense of armed robbery in violation of § 6–4–402, W.S.1977.

We affirm.

The narrow issue presented to us is worded by the appellant as follows:

"Whether the Trial Court abused its discretion by failing to order delivery to it for inspection evidence in possession of the State that could exculpate Defendant by affecting the credibility of the State's witnesses."

Appellant has no general constitutional right to discovery. Such right must result from a statute, rule or trial court discretion. *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *Coca v. State*, Wyo., 423 P.2d 382 (1967);

*Dodge v. State*, Wyo., 562 P.2d 303 (1977); *Fitzgerald v. State*, Wyo., 601 P.2d 1015 (1979). The only statutory or rule provisions pertinent to appellant's contention are the following:

"(b) *Other books, papers, documents, tangible objects or places.*–Upon motion of a defendant the court may order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the state, upon a showing of the materiality to the preparation of his defense, and that the request is reasonable. Except as provided in subdivision (a) (2) this rule does not authorize the discovery or inspection of reports, memoranda or other internal governmental documents made by governmental agents in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses (other than the defendant) to governmental agents except as provided in subdivision (c) of this rule.

"(c) *Demands for production of statements and reports of witnesses.*

"(1) After a witness called by the state has testified on direct examination, the court shall, on motion of the defendant, order the state to produce any statement (as hereinafter defined) of the witness in the possession of the state which relates to subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

"(2) If the state claims that any statement ordered to be produced under this subdivision contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the state to deliver such statement for the inspection of the court *in camera.* * * *.

\* \* \* \* \* \*

"(4) The term 'statement' as used in subdivisions (1) and (2) and (3) of this rule relating to any witness called by the state, means: (a) a written statement made by said witness and signed or otherwise adopted or approved by him; or (b) a stenographic, mechanical, electrical or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the state and recorded contemporaneously with the making of such oral statement." Rule 18, W.R.Cr.P.

Before trial, by means of a request for a bill of particulars and through motions to produce, appellant attempted to obtain copies of police and investigative reports which he contended contained possible impeaching or conflicting statements made by the State's witnesses for use in exculpating appellant.

▆ Inasmuch as these efforts were made before the witnesses testified and not after the witnesses had been called by the State as required by Rule 18(c)(1), they were untimely and error cannot be predicated upon refusal to order production of the reports pursuant to such rule. *United States v. Harris*, 5th Cir. 1972, 458 F.2d 670. Beyond that, appellant made no request for an in camera inspection of such reports and material. He does not refer us to any authority which requires a trial court to order such inspection sua sponte. Accordingly, appellant cannot now, on appeal, accuse the trial court of an abuse of discretion which was not exercised one way or the other. An exercise of discretion involves deliberate judgment. *Application of Frazzita*, 147 N.Y.S.2d 11 (1955); *Stewart v. Stewart*, 28 Ind.App. 378, 62 N.E. 1023 (1902).

▆ Appellant's only effort to obtain such reports and materials made after the receipt of testimony occurred during the direct examination of Sheriff Redden. Sheriff Redden was involved in the investigation of the armed robbery. Appellant called him as a witness in his case in chief.

After inquiry concerning interviews with prosecution witnesses, Sheriff Redden was asked if copies of his reports had been furnished to the witnesses. Redden stated:

"The only copy that has been provided was the oral statement made by Jim O'Connor.[1] As far as my actual police report, other than the County Attorney, no one else has seen them."

Appellant's motions to inspect such reports were overruled. There is nothing in the record to reflect that the police and investigative reports contain "statements" as such are defined in Rule 18(c)(4)[2] or that they were other than the product of law enforcement personnel. Such are not subject to discovery. *Dodge v. State*, supra. Witness Redden was not a witness *called by the State* as required by Rule 18(c)(1).

In seeking to inspect documents pursuant to Rule 18(c)(1), a defendant has the burden to show that such contain "statements" as defined by Rule 18(c)(4). This is normally accomplished by cross-examination of the witness whose "statement" is sought or by examination of those present when the "statement" was made. *United States v. Heath*, 10th Cir. 1978, 580 F.2d 1011; *United States v. Smaldone*, 10th Cir. 1976, 544 F.2d 456. The purpose of obtaining such "statement" is to impeach the witness. The statement, therefore, must be that of the witness and not an understanding or interpretation of such by an investigator or other person. *DeLuna v. State*, Wyo., 501 P.2d 1021 (1972); *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). Although a defend-

ant cannot obtain a review or combing of any or all reports having to do with interviews of witnesses, he is entitled to the production of a specific "statement." If he makes a prima facie showing of a probable existence of a specific document but the State either denies its existence or that it is a "statement" within the definition of the rule, the trial court has the duty to determine such issues by in camera inspection or otherwise. In any event, a proper foundation must be laid by a defendant consisting of specificity as to the "statement" alleged to exist. *United States v. Nickell*, 6th Cir. 1977, 552 F.2d 684; *Harney v. United States*, 1st Cir. 1962, 306 F.2d 523; *United States v. Robinson*, 7th Cir. 1978, 585 F.2d 274; *United States v. Resnick*, 5th Cir. 1973, 483 F.2d 354; Annotation: Proper Procedure for Determining Whether Alleged Statement or Report of Government Witness Should be Produced on Accused's Demand Under Jencks Act (18 U.S.C. § 3500), 1 A.L.R.Fed. 252.

Appellant did not provide the proper foundation for inspection of "statements" of witnesses pursuant to Rule 18(c)(1). The action of the trial court in not ordering the requested inspection of police and investigative reports was proper.

Affirmed.

---

1. O'Connor's statement was furnished to appellant when requested before trial.

2. Except for O'Connor's statement. See footnote 1.