*1065 OPINION OF THE COURT
Lester Sacks, J.
The defendants, Rocamat and Societe Francaise D’Assurance de Cautionnement, brought this motion to dismiss because of the failure of the plaintiff to serve process upon the defendants pursuant to the Hague Convention (20 US Treaties 361).
It is conceded by the defendants that service has been made pursuant to Business Corporation Law § 307. It is their contention, however, that such service was improper because both are foreign corporations, not licensed to do business in the State of New York and, they allege, have not done business in the State of New York so as to subject them to the process of the State.
The defendant, Rocamat, entered into a contract with the plaintiff to supply granite for construction of the Kuwait Mission to the United Nations in New York City. The Societe Francaise D’Assurance de Cautionnement (SOFRASCAU) executed and issued a surety bond to the plaintiff to guarantee substantial performance by Rocamat.
It is alleged by the plaintiff that Rocamat has breached its contractual obligations and seeks damages.
It is admitted by Rocamat that Roger Rousset, a director, was present in the City of New York and executed the contract in the City of New York.
Decisional law prior to the adoption of the CPLR has held that a foreign corporation, not authorized to do business in the State of New York, could be held amenable to local laws only if it engaged in a continuous and systematic course of doing business here. (Miller v Surf Props., 4 NY2d 475.) International Shoe Co. v Washington (326 US 310) relaxed that requirement and held a defendant subject to our laws if he had minimum contact with the State. Our Legislature, in passage of the CPLR, put into statute what decisional law had been declaring for some time. If a foreign corporation not doing business in the State consummates a contract therein, it runs the risk of being exposed to the jurisdiction of our courts and laws. (Ames v Senco Prods., 1 AD2d 658.)
It has been determined that a contract, regardless of where negotiated, will be governed by the laws of the State where executed. "[t]he time and place of making of the contract is established 'when the last act necessary for its formulation is done, and at the place where that final act is done’ ”. (Fremay, *1066 Inc. v Modern Plastic Mach. Corp., 15 AD2d 235, 237; Boryk v Aerolineas Argentinas, 228 F Supp 528, 533.)
The contract, having been signed and finalized in the State of New York, Rocamat became subject to the laws of this State and service pursuant to Business Corporation Law § 307 was sufficient.
The same reasoning, if not more so, applies to SOFRASCAU. The defendant issued a policy as a surety to the plaintiff to assure substantial performance by Rocamat.
Insurance Law § 1213 (b) (1) provides:
"Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer * * *
"(D) any other transaction of business,
"is equivalent to and constitutes its appointment of the superintendent, and his successors in office, to be its true and lawful attorney upon whom may be served all lawful process in any proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and shall signify its agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer.” (Emphasis supplied.)
It would be incongruous for our State to allow a surety to enter the State through issuance of a policy of insurance and place itself beyond the scope of our process. The apparent insistence of the plaintiff for a surety bond was to protect it from the very situation that it alleges occurred. Service upon this defendant pursuant to Business Corporation Law § 307 and Insurance Law § 1213 was in full compliance with the requirements to effect jurisdiction.
The defense of failure to serve pursuant to the Hague Convention is misplaced. It is the opinion of this court that this treaty was effectuated to protect those corporations who have had no contact with the country of suit and to insure its citizens against institution of suits without adequate notice. At the same time it made available to process those foreign corporations against whom some aggrieved citizen of the signatory country sought suit.
The defendants received adequate notice of the institution of suit, there is no surprise claimed nor contention of unfair advantage by this plaintiff. The contact required by our laws was adequate herein to make both defendants amenable to our process and good service was accomplished.
*1067 Motion to dismiss is denied.