# IN THE COURT OF APPEALS OF IOWA

No. 14-1394
Filed August 19, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOSHUA F. MCCOY,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame Ebinger, Judge.

Joshua McCoy appeals the sentence imposed following the revocation of his deferred judgment on his prior conviction for possession of a controlled substance with intent to deliver. **SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, John P. Sarcone, County Attorney, and Mike Hunter, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, P.J.**

Joshua McCoy appeals the sentence imposed following the revocation of his deferred judgment on his prior conviction for possession of a controlled substance with intent to deliver. We discern no abuse of discretion in the district court's reasons for imposing McCoy's particular sentence. However, because the parties agree the district court erred in imposing a fine without the reduction required under Iowa Code section 908.11(5) (2013), we vacate that part of the sentence and remand for entry of an amended sentencing order.

In 2013, Joshua McCoy pled guilty to possession of a controlled substance with intent to deliver. The district court granted McCoy a deferred judgment and placed him on probation for a period of two years and imposed a civil penalty of $750.

A few months later, McCoy was arrested for first-degree murder and robbery. A probation revocation hearing took place in 2014, at which the district court determined McCoy had violated his probation and heard the parties' recommended sentences. The State requested a sentence consecutive to that imposed on McCoy's murder conviction; the defense requested a concurrent sentence.

The court ordered McCoy to an indeterminate term of incarceration not to exceed five years, to run consecutive to the sentence imposed on his convictions for murder and robbery, stating:

> In determining the appropriate disposition in this case, the Court has considered the nature of the violations that have been established and the nature of the underlying conviction.
> . . . .

The Court does determine that it is appropriate at this time to sentence the defendant to an indeterminate term of incarceration not to exceed five years on that charge and to run that sentence consecutively to that imposed in FECR 267576 [murder/robbery case]. In determining that sentence, the Court has considered all of the statutory factors set forth in the Iowa Code, including those set forth in Iowa Code section 907.5.

The sentence is ordered to be run consecutively to the sentence in FECR 267576 because of the separate and serious nature of the offenses and because of the fact that the crime that was committed in the—well, because of the separate and serious nature of these offenses.

. . . .

The defendant, of course, will be credited with any time that he's served on this probationary hold towards his sentence in this case.

The court's written order revoking deferred judgment stated in part: "Continued probation in this case is denied because it would not provide reasonable protection of the public, it is unwarranted, and would unduly lessen the seriousness of the violations." The court also imposed a fine of $750, which was to be suspended and credited for any payments made on McCoy's previous civil penalty.

McCoy appeals, claiming the district court "failed to consider the minimum essential factors" in sentencing him. According to McCoy, in imposing his sentence the court failed to list "one specific detail about McCoy, his background, age, character, propensities, chance of reform, nor [any] of the attending circumstances of the crime for which he is being sentenced." *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) ("[T]he nature of the offense; the attendant circumstances; and the defendant's age, character, propensities and chances of reform are 'minimal essential factors' to be considered when exercising sentencing discretion." (quoting *State v. Hildebrand*, 280 N.W.2d 393,

396 (Iowa 1979))). Our review is for an abuse of discretion. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015).

The district court is required to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). Here, the primary question was whether McCoy's sentence would run consecutively or concurrently with the sentence imposed on his murder and robbery convictions. The parties agreed to the court's taking judicial notice of that case, FECR267576. In deciding to impose consecutive sentences, the court expressed it had "considered all of the statutory factors[,] including those set forth in Iowa Code section 907.5"[1] as well as "the nature of the violations that have been established and the nature of the underlying conviction." *See State v. Uthe*, 542 N.W.2d 810, 816 (Iowa 1996) (requiring at least a "terse explanation of why" consecutive sentences were imposed). The court's reasons were "sufficient to enable us to determine if an abuse of discretion occurred." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Because we discern no abuse of discretion in the district court's reasons for imposing McCoy's particular sentence, we affirm on that issue.

---

[1] Section 907.5(1) provides:

Before deferring judgment, deferring sentence, or suspending sentence, the court first shall determine which option, if available, will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others. In making this determination, the court shall consider all of the following:

a. The age of the defendant.

b. The defendant's prior record of convictions and prior record of deferments of judgment if any.

c. The defendant's employment circumstances.

d. The defendant's family circumstances.

e. The defendant's mental health and substance abuse history and treatment options available in the community and the correctional system.

f. The nature of the offense committed.

g. Such other factors as are appropriate.

McCoy also challenges the court's imposition of a civil penalty without the reduction as required under Iowa Code section 908.11(5).[2] The State agrees the court erred in failing to reduce the fine under section 908.11(5). The court should have reduced McCoy's fine to zero. We vacate the $750 fine and remand for entry of an amended sentencing order reflecting this change.

**SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**

---

[2] The district court assessed a civil penalty of $750 when it granted McCoy a deferred judgment and placed him on probation. *See* Iowa Code § 907.14. When the court revoked his probation, it imposed (but suspended) a $750 fine. Iowa Code section 908.11(5) provides: "[I]f the court revokes probation of a defendant who received a deferred judgment and imposes a fine, the court shall reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant pursuant to section 907.14." The provision also states: "[T]he court shall assess any required surcharge, court cost, or fee upon the total amount of the fine prior to reduction." Iowa Code § 908.11(5).