# IN THE COURT OF APPEALS OF IOWA

No. 18-1371
Filed May 15, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERRENCE ALONZO WATSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.


        Terrence Watson appeals the sentence imposed upon his conviction for failure to comply with the sex-offender registry requirements, second or subsequent offense, enhanced as a habitual offender. **AFFIRMED.**


        Sharon D. Hallstoos, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Terrence Watson appeals the sentence imposed upon his conviction for failure to comply with the sex-offender registry requirements, second or subsequent offense, in violation of Iowa Code sections 692A.113(1)(f) and 692A.111(1) (2018), enhanced as a habitual offender pursuant to sections 902.8 and 902.9(3). Watson contends the district court failed to consider the minimum essential factors and provide sufficient reasons for the sentence imposed.

Watson is required to register as a sex offender. As a level III sex offender,[1] Watson is not allowed to be in a public library without the written permission of the administrator. On January 9, 2018, police were called to the public library to assist security in ousting Watson. Watson did not have written permission to be in the library.

On July 17, Watson pled guilty to failure to comply with the sex-offender registry requirements, second or subsequent offense, admitting to two prior violations. He also admitted he previously had been twice convicted of a felony. Watson waived the preparation of a presentencing investigation and requested immediate sentencing. Per the plea agreement, the State made no recommendation as to sentencing. Defense counsel asked that the court note the amount of time Watson had already been held in jail and consider probation, stating "he may have served enough time as punishment." Pursuant to the habitual-offender enhancement provisions, the court imposed a term of

---

[1] Watson had been convicted of sexual abuse of a person thirteen years of age or younger.

imprisonment not to exceed fifteen years with a mandatory minimum of three years.  Watson appeals.

For sentences within the statutory limits, our review is for an abuse of discretion.  *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).  We will not find an abuse of discretion unless "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable."  *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).  "A ruling is untenable when the court bases it on an erroneous application of law.  If the evidence supports the sentence, the district court did not abuse its discretion."  *Gordon*, 921 N.W.2d at 24–25 (citation omitted).

Iowa Rule of Criminal Procedure 2.23(3)(d) provides, "[t]he court shall state on the record its reason for selecting the particular sentence."  It has been said that "terse reasoning can be adequate when we know the statement in the context of the record demonstrates what motivated the district court to enter a particular sentence."  *State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015).

Here, the district court stated:

> Okay.  This isn't your first failure to comply with the registry and you were on the registry for a crime against somebody [thirteen] or under and so you also have two previous felonies in your past and I think in light of that criminal history, that it is most appropriate that you be sentenced to the Department of Corrections to make sure that you learn to comply with the registry and behave yourself and that's for the protection of the community too.

The factors noted—Watson's prior criminal history, need for compliance, and protection of the community—are proper factors.  *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing

criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." (citing Iowa Code § 901.5)).[2] Though terse, we are able to discern "what motivated the district court to enter the particular sentence." *Thacker*, 862 N.W.2d at 410. We find no abuse of discretion.

**AFFIRMED.**

---

[2] *See also State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (noting the court "should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform" (citation omitted)). However, there is no requirement the court recite every factor considered. *See, e.g., State v. Mathews*, No. 17-0519, 2018 WL 2084831, at *2 (Iowa Ct. App. May 2, 2018) ("[T]he district court need not specifically state every possible sentencing factor.").