# IN THE COURT OF APPEALS OF IOWA

No. 21-1149
Filed May 11, 2022

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**RONNIE L. BRADLEY,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, District Associate Judge.


       The defendant challenges his sentence imposed after he pled guilty to possession of a controlled substance (crack cocaine).  **AFFIRMED.**


       Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


       Considered by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

Ronnie Bradley pled guilty to possession of a controlled substance (crack cocaine). He sought a deferred judgment but, ultimately, the district court entered judgment, imposed a suspended 365-day jail sentence, and placed him on supervised probation for two years. Bradley appeals the sentence, arguing the district court used a fixed sentencing policy and failed to consider mitigating factors in reaching its decision. We review "a sentence imposed in a criminal case . . .for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

Bradley maintains his sentence should be vacated because the court failed to consider mitigating factors and relied on a fixed sentencing policy in rejecting his request for a deferred judgment. He directs our attention to one statement the court made while imposing sentencing to support his claim the court used a fixed sentencing policy—stating Bradley would not be receiving a deferred judgment because he was "old enough to know better."

"The court is not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (citation omitted). Rather, it must exercise its discretion by "weigh[ing] and consider[ing] all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *Id.* (citation omitted). In isolation, the statement Bradley's focuses on would suggest an impermissible fixed sentencing policy. *See, e.g., State v. Haywood-Parker*,

No. 12-2042, 2013 WL 3458142, at *2 (Iowa Ct. App. July 10, 2013) ("We would agree with [the defendant that the court engaged in a fixed sentencing policy] if the court had said the request for a deferred judgment was denied solely because of his age."). But the statement was not made in isolation; it was made along with other comments showing several factors the court considered in imposing sentence.[1] It stated:

> Okay. Well, Mr. Bradley, when I make a decision about sentencing, I have to take into account several factors: So I consider your age; I do consider the impact a conviction and sentence would have on current employment as well as future employment; I consider your family situation; I consider the need for deterrence, rehabilitation; the nature of the charges; and your criminal history. When I balance all those things together, I can tell you right now that you're not really a good candidate at all for a deferred judgment. You're old enough to know better. You've been through the system several times. You know the consequence of criminal behavior, so I don't think a deferred judgment is appropriate for a person in your situation. I'm not going to give it to you.

This record does not support Bradley's claim that his age and criminal history were "attending circumstance[s] which triggered the court's previously-fixed sentencing policy." *Hildebrand*, 280 N.W.2d at 396. As required, the court engaged in an independent consideration of the case. *See State v. Hager*, 630 N.W.2d 828, 834 (Iowa 2001) ("[W]e demand independent consideration by the sentencing court in each case, and reject the use of fixed policies.").

Insofar as Bradley maintains the court failed to consider mitigating factors when imposing sentence, we note that while a "sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically

---

[1] Later in the hearing, the court elected to give Bradley "the benefit of the doubt" by opting to impose the suspended sentence with probation—rather than having him serve jail time—supporting its comprehensive review of various factors.

acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

Because the sentence imposed was within the district court's discretion and not the result of a fixed policy, and because Bradley has not established a defect in the sentencing proceedings, we affirm.

**AFFIRMED.**