STATE of Iowa, Appellee,

v.

Dorothy Faye HILDEBRAND, Appellant.

No. 62421.

Supreme Court of Iowa.

June 27, 1979.

J. Hobart Darbyshire of Carlin & Darbyshire, P. C., Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Kermit L. Dunahoo, Asst. Atty. Gen., and J. E. Tobey, Asst. Scott County Atty., for appellee.

REYNOLDSON, Chief Justice.

Defendant Dorothy Faye Hildebrand appeals from judgment entered upon her OMVUI conviction. She asserts trial court abused its discretion in refusing to defer sentence because of a personal, fixed policy to deny deferral when an accident accompanies the violation. We vacate the judgment and remand for resentencing.

The State does not dispute defendant's version of the facts. April 18, 1978, defendant was arrested for OMVUI, a violation of section 321.281, The Code 1979, after driving into a parked car in Davenport. Following her guilty plea a presentence investigation was ordered. It disclosed defendant was forty-three years old, married, and a full-time employee in her husband's business. Before working in her husband's business she had been employed for sixteen years at the Rock Island Arsenal. Damage to the parked car had been paid by her insurance company.

The presentence investigation report stated defendant "would appear to be an individual who would successfully complete the stipulations normally associated with a deferred sentence without formal probation supervision," and recommended defendant receive a deferred sentence.

At the sentencing proceedings on June 30, 1978, the court indicated receipt of the presentence investigation. The assistant county attorney stated his office concurred with the recommendation in the report. Defense counsel emphasized defendant's lack of criminal record, perfect driving record, and excellent employment history, and requested that the court defer sentence.

The following colloquy then ensued:

THE COURT: Mrs. Hildebrand, do you have anything you wish to say?

MRS. HILDEBRAND: No, I don't really think I have anything I want to say. I feel terrible about it.

THE COURT: Well, in view of the fact there was an accident involved here, I am not inclined to grant a deferred sentencing in this matter. Therefore, the request for a deferred sentence in this matter is denied.

MR. DARBYSHIRE: Would Your Honor be more specific with respect to the denial of the deferred sentence. *Is the only reason that the deferral is being denied the fact that there was an accident involved?*

THE COURT: *Yes.* I do not believe that the law requires me to give a deferred sentence under any circumstances; and *I have the policy that when there is an accident involved, I do not and will not grant a deferred sentence.* If the Supreme Court tells me I have to grant a deferred sentence when the defendant asks for it, then that's another story. But so far, I don't believe the Supreme Court has said that. The Supreme Court has allowed the sentencing judge to have some discretion, although very little. But in exercise of my discretion, I maintain that when there is an accident involved, particularly an accident in which the defendant is clearly at fault, I do not believe it warrants a deferred sentence, and I will not grant a deferred sentence.

(Emphasis added.)

Trial court imposed a $400 fine and a ten-day jail term. Confinement was suspended during defendant's good behavior. Her driver's license was suspended for 120 days.

Defendant contends trial court's avowed inflexible policy of refusing to defer sentence when the offense involved an accident constituted an abuse of discretion. She asserts this resulted in trial court's failure to review all factors to be considered in sentencing and to fashion an individualized punishment.

I. This appeal requires us to study sentencing procedures and alternatives under the new Iowa Corrections Code. Chs. 901–909, The Code 1979; Iowa R.Crim.P. 22. Section 901.2 provides:

Upon a plea of guilty . . . upon which a judgment of conviction of any public offense may be rendered, the court *shall* receive from the state, from the judicial district department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing. . . . The court may order a presentence investigation when the offense is an aggravated or serious misdemeanor.

(Emphasis added.) Section 901.5 provides:

After receiving and examining all pertinent information, including the presentence investigation report, if any, the court *shall consider* the following sentencing options. The court *shall* determine which of them is authorized by law for the offense, and of the authorized sentences, which of them or which combination of them, *in the discretion of the court,* will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.

At the time fixed by the court for pronouncement of judgment and sentence, the court shall act accordingly:

1. If authorized by section 907.3, the court *may* defer judgment and sentence for an indefinite period in accordance with chapter 907.

2. If the defendant is not an habitual offender as defined by section 902.8, the court may pronounce judgment and impose a fine.

3. The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence or any part of it as provided in chapter 907.

4. The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both.

5. If authorized by section 907.3, the court may defer the sentence and assign the defendant to the judicial district department of correctional services.

6. The court may pronounce judgment and sentence the defendant to confinement and then reconsider the sentence as provided by section 902.4 or 903.2.

(Emphasis added.) Iowa R.Crim.P. 22(3)(d) provides: "The court shall state on the record its reason for selecting the particular sentence."

■ These statutes make it clear that sentencing remains within trial court's discretionary power. We will interfere with its section 901.5 decision only if such discretionary power has been abused. *See State v. Killpack,* 276 N.W.2d 368, 373 (Iowa 1979); *State v. Warner,* 229 N.W.2d 776, 782–83 (Iowa 1975).

■ Both before and after enactment of the Iowa Corrections Code, however, we have indicated trial court must actually *apply* discretion:

The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.

*State v. Cupples,* 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967). The same rule appears in *State v. Overstreet,* 243 N.W.2d 880, 887 (Iowa 1976), *State v. Warner,* 229 N.W.2d at 783, *State v. Banks,* 213 N.W.2d 483, 487 (Iowa 1973), and *State v. Kendall,* 167 N.W.2d 909, 911 (Iowa 1969). After enactment of the Iowa Corrections Code it was applied in *State v. Thompson,* 275 N.W.2d 370, 371–72 (Iowa 1979). It is obvious here that if trial court abused its discretion it was in the context of failing to *apply* a reasoned discretion under this rule.

■ Pertinent is the rationale we followed in *State v. Jackson,* 204 N.W.2d 915, 916 (Iowa 1973) (quoting from *In re Frazzita,* 147 N.Y.S.2d 11, 16–17 (Sup.Ct.1955)):

There are many instances in which the Supreme Court and other courts are required to exercise discretion. Any such determination has long been recognized as requiring an actual exercise of judgment upon the part of the court. To do so necessitates a consideration by the court of the facts and circumstances which are necessary to make a sound, fair and just determination. The court is not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion.

The same reasoning was invoked earlier in *State v. Boston,* 233 Iowa 1249, 1257, 11 N.W.2d 407, 411 (1943). This court held trial court abused its discretion in refusing to consider a "parole application" because "in all his experience on the bench he had never allowed a parole."

In *State v. McKeever,* 276 N.W.2d 385, 387 (Iowa 1979), we characterized *Jackson* and *Boston* as holding "that the punishment must fit the particular person and circumstances under consideration; each decision must be made on an individual basis, and no single factor, including the nature of the offense, will be *solely* determinative." (Emphasis added.)

More recently, we again cautioned:

The duty of a sentencing judge in every case is to consider the available options, to give due consideration to all circumstances in the particular case, and to exercise that option which will best accomplish justice both for society and for the individual defendant. Chapter 789A [The Code 1975; *see* chapter 907, The Code 1979] sets out guidelines to assist in this task.

*State v. Robbins,* 257 N.W.2d 63, 70 (Iowa 1977).

■ In the case before us it is plain the sentencing court, instead of considering the minimal essential factors we consistently have identified, impermissibly selected only one—an attending circumstance—which triggered the court's previously-fixed sentencing policy. It is equally clear the court's personal, well-defined rule precluded the exercise of its discretion in rendering judgment. *See Jackson,* 204 N.W.2d at 917.

We therefore vacate the sentence and remand for resentencing, at which time trial court shall employ its discretion in light of all those factors identified in *Cupples*. In so holding we do not intimate the accident is unimportant or irrelevant as an attending circumstance, nor do we suggest what the sentence should be. We only direct it shall be imposed by an exercise of trial court's discretion without application of a personal, inflexible policy relating to only one consideration.

II. This holding makes it unnecessary to reach defendant's contention we should adopt the ABA standards relating to appellate review of sentences. In passing, we note the rules defendant indirectly refers to, being those identified in the special concurrence defendant cites from *State v. Horton*, 231 N.W.2d 36, 40–42 (Iowa 1975) (McCormick, J., concurring), are partially incorporated in Iowa R.Crim.P. 22(3)(d). That rule requires the sentencing court to state on the record its reasons for selecting the particular sentence. *See State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979) ("In order for such [an abuse of discretion] standard to operate, it is essential for the trial court to state the reasons for selecting a particular disposition."); *State v. Hubbs*, 268 N.W.2d 188, 191 (Iowa 1978); *State v. Beyer*, 258 N.W.2d 353, 359 (Iowa 1977). In any event, in this case trial court did state its reason for imposing the sentence.

■ III. Although the State has not argued trial court lacked authority to defer sentence in view of the minimum jail sentence language of section 321.281, The Code, we have carefully explored the issue. We conclude nothing in section 321.281 limits trial court's discretionary authority to apply the various section 901.5 sentencing alternatives.

It is true, of course, that section 321.281 now provides a first-offense OMVUI violator "shall be imprisoned in the county jail for not less than two days." But, as we pointed out in an analogous situation in *State v. Robbins*, 257 N.W.2d at 69, our sentencing statutes ordinarily are couched in mandatory language. *See, e. g.*, §§ 902.-1, .3, .7, .8, .9, The Code 1979.

■ Section 321.281 must be read in *pari materia* with section 901.5, quoted in division I, which grants trial courts authority to defer judgment, defer sentence, suspend execution of the sentence, impose sentence, or impose and then reconsider sentence. *See Robbins*, 257 N.W.2d at 69.

Various provisions of the Iowa Corrections Code specify offenses and circumstances in which the court cannot apply certain sentencing options. *See, e. g.*, §§ 902.1, .7, .8, 907.3. None of these limitations apply to a section 321.281 first violation. In other statutes, the legislature has demonstrated its ability to express its intent to eliminate sentencing options. *E.g.*, § 321.218 ("The sentence imposed under this section shall not be suspended by the Court, notwithstanding the provisions of section 907.3 or any other provision of statute."). Provisions of this type do not appear in section 321.281.

■ It is clear section 321.281 and section 901.5 comprise a legislative plan for sentencing those convicted of the offense involved here. As used in this context, the word "shall" does not require trial court to impose a jail sentence. It means only that if the court's discretionary power to defer judgment, defer sentence, or suspend execution of the sentence is not exercised, defendant must then serve at least two full days in jail. *Accord, Robbins*, 257 N.W.2d at 69. We do not imply the sentencing court should select a sentencing option in lieu of the jail sentence provided in section 321.281. We hold only that it may.

For the reasons stated in division I, the judgment entered in district court is vacated and this case is remanded for resentencing. We do not suggest what the sentence should be. *See Thompson*, 275 N.W.2d at 372.

REVERSED AND REMANDED FOR RESENTENCING.

All Justices concur except UHLENHOPP, HARRIS, McCORMICK and McGIVERIN, JJ., who concur specially.

UHLENHOPP, Justice (concurring specially).

The question in division III of the majority opinion is whether the legislature has evinced an intention that a person convicted of first-offense driving while intoxicated must serve a jail sentence of not less than two days, so that the general progression of sentences in section 901.5 of the Code does not apply. I think it has. Section 321.281 makes the offense a serious misdemeanor; hence the penalty in section 903.1(2) applies: "imprisonment not to exceed one year, or a fine not to exceed one thousand dollars, or both." But section 321.281 does not stop with making the offense a serious misdemeanor. It contains an additional penalty: "and shall be imprisoned in the county jail for not less than two days . . . ." This added clause is superfluous if it does not mean what it says. The General Assembly must have had a purpose in amending section 321.281 to insert the clause. It did so in the new criminal code. § 321.281, The Code 1977 Supp. (Coordinating Amendments).

This case contains a vital distinction from *State v. Robbins*, 257 N.W.2d 63 (Iowa 1977). There the statute, section 321.561, contained only one provision for confinement: "imprisonment in the penitentiary for not more than two years . . . ." Here the statutes, sections 903.1(2) and 321.281, provide two provisions for confinement: "imprisonment not to exceed one year, or a fine not to exceed one thousand dollars, or both," *and* "shall be imprisoned in the county jail [for] not less than two days . . . ."

Apart from a fine, I think a court may not sentence a defendant to more than one year for this offense. For example, a court may sentence a defendant to a one-year jail term with two days to be served and the balance of the year suspended, but may not sentence a defendant to a jail term of one year and two days, with the one year suspended and the two days to be served.

I dissent from division III but concur in the rest of the opinion and in the result.

HARRIS and McCORMICK, JJ., join in this special concurrence.

McGIVERIN, Justice (concurring specially).

I concur in the opinion, but feel compelled to write further.

The opinion states the accident is not unimportant or irrelevant as an attending circumstance in sentencing. With that I agree, but the statement does not go far enough.

I believe an accident in which an OMVUI defendant is at fault and which results at least in part from defendant's driving while under the influence of an alcoholic beverage can be a very important factor, although not the only factor, in consideration of a proper sentence for the individual defendant. Our OMVUI law was enacted to protect persons using the highways from accidents caused by drinking drivers.

I would not want trial courts to be deterred by the result we reach today from giving appropriate weight to occurrence of an accident and its attendant circumstances when considering a sentence.