**IN THE COURT OF APPEALS OF IOWA**

No. 14-1627
Filed June 24, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**OLDEN BUTLER JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson,

Judge.

A defendant appeals his sentence, alleging the district court failed to

consider minimum essential factors.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, Michael J. Walton, County Attorney, and Kelly G. Cunningham,

Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

This appeal raises a challenge to the district court's reasons for imposing a particular sentence.

## I.    Background Proceedings

Olden Butler Jr. pled guilty to domestic abuse assault-second offense, in violation of Iowa Code section 708.2A(3)(b) (2013).   The department of correctional services prepared an informal report detailing Butler's lengthy criminal history, including prior convictions for domestic abuse assault and two violations of no-contact orders.

The district court sentenced Butler to a prison term not exceeding two years and ordered the sentence to be served consecutively with the sentence for which he was currently on parole, assuming his parole was revoked.  The court stated its reasons for the sentence as follows:

> The reasons for the court's sentence, Mr. Butler, are your four[1] prior convictions of domestic abuse assault, including prior violations of a no-contact order.  The court has also taken into consideration your rather extensive criminal record, but of particular import to the court is the fact that you have been convicted on four prior occasions of domestic abuse assault.  The reason the court has ordered consecutive sentences to your parole matter is the fact that you were on parole when this offense was committed, again, your prior history of domestic, and the court's need to hopefully provide a specific deterrent to you to not commit this kind of crime in the future.  That's the reason for the consecutive sentencing.

On appeal, Butler contends the district court relied solely on his criminal history in sentencing him, to the exclusion of other pertinent factors.  *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) ("[T]he nature of the offense; the

---

[1] While the district court counted four prior convictions, our review of the informal report reveals five prior convictions for domestic abuse assault.

attendant circumstances; and the defendant's age, character, propensities and chances of reform are 'minimal essential factors' to be considered when exercising sentencing discretion." (quoting *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979))). Our review is for an abuse of discretion. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015).

Although the district court emphasized Butler's criminal history, the court also expressed concern about Butler's prospects for reform, noting the deterrent value of imposing consecutive sentences. *See State v. Uthe*, 542 N.W.2d 810, 816 (Iowa 1996) (requiring at least a "terse explanation of why" consecutive sentences were imposed). The court's reasons were "sufficient to enable us to determine if an abuse of discretion occurred." State v. *Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Discerning no abuse, we affirm Butler's sentence.

**AFFIRMED.**