# IN THE COURT OF APPEALS OF IOWA

No. 15-1278
Filed May 11, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CASEY C. WEIGAND,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Casey Weigand appeals from the sentence imposed upon his convictions following his guilty plea. **AFFIRMED.**

John O. Moeller, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Katherine M. Krickbaum (until her withdrawal), Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Casey Weigand appeals the sentence of imprisonment imposed after his pleas of guilty to delivery of heroin and possession with intent to deliver heroin, in violation of Iowa Code section 124.401(1)(c)(1) (2015); possession with intent to deliver marijuana, in violation of section 124.401(1)(d); and child endangerment, in violation of section 726.6(1)(a). He contends the district court "announced a standard" that the nature of heroin delivery requires imprisonment and, thus, abused its discretion by refusing to exercise its discretion to select a sentence appropriate to the defendant. The record does not support Weigand's claims.

"We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). Sentencing decisions are presumed to be valid. *Hopkins*, 860 N.W.2d at 553.

The sentencing court considered many factors, including the defendant's age, support system, education, training, and employment history, as well as the available community resources, the seriousness of the offense, and the effect of the offense on the community. The court concluded that "protection of the community," as well as general and specific deterrence, called for a period of incarceration. We acknowledge the district court expressed concern about the dangers of heroin. Clearly, a court should not impose a sentence based solely upon the type of illegal substance involved in the criminal act. Here, the court referenced various factors and then recited the dangers of heroin within the

community and the need for deterrence. The court stated the need for deterrence of this defendant and others "is a significant factor as well and I think on balance these factors weigh in favor of . . . some level of incarceration." In light of Weigand's admitted heroin addiction, the court also opined incarceration could actually "assist [Weigand] in being clean and sober." We do not read the court's statements as being an example of an inappropriate "fixed policy." *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) ("The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." (citation omitted)). Appropriate factors were considered, and the court weighed the factors before imposing sentence. We find no abuse of discretion.

**AFFIRMED.**