# IN THE COURT OF APPEALS OF IOWA

No. 18-0405
Filed February 6, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JAHMAL ANTHONY CAVIL,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Defendant challenges his sentences for possession of a controlled substance (methamphetamine), third offense, and assault while displaying a dangerous weapon. **AFFIRMED.**

Jamie F. Deremiah of Flanagan Law Group, PLLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

Jahmal Cavil pleaded guilty to possession of a controlled substance (methamphetamine), third offense, and assault while displaying a dangerous weapon. Under the terms of the parties' plea agreement, the sentences were to be consecutive but the defendant was free to argue for a probationary sentence and the prosecutor was free to argue for incarceration. The matter came on for a sentencing hearing. The district court reviewed the presentence investigation report, heard the arguments of counsel, and received the defendant's allocution. The district court sentenced Cavil to an indeterminate term of incarceration not to exceed seven years and explained the reasons for the same. On appeal, Cavil contends the district court abused its discretion in imposing sentence.

We review a sentence within the statutory limits for an abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). We will find an abuse of discretion only when the grounds for a decision were clearly unreasonable or clearly untenable. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

In imposing sentence, the district court should consider all information pertinent to the sentencing decision, including, but not limited to, "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his [or her] reform." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (quoting *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979)). In this case, the record reflects the district court considered pertinent information and did not consider any improper information in imposing sentence on the defendant.

Cavil does not dispute the district court considered relevant information and did not consider irrelevant information. Instead, Cavil seems to contend the district

court abused its discretion merely because it imposed a different sentence than the one for which Cavil argued. We disagree. The district court is allowed to operate "according to the dictates of [its] own conscience." *Formaro*, 638 N.W.2d at 725. "While the defendant may wish the district court would have reached a different result in considering the relevant sentencing factors, mere disagreement with the court's sentencing decision is not a ground for relief." *State v. Worby*, No. 17-1832, 2018 WL 4360995, at *1 (Iowa Ct. App. Sept. 12, 2018).

Cavil has failed to establish the district court abused its discretion in imposing sentence. We affirm the defendant's sentence.

**AFFIRMED.**