# IN THE COURT OF APPEALS OF IOWA

No. 22-0015
Filed August 3, 2022

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**TERREON MARCELL SHABAZZ,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.


　　Terreon Shabazz appeals his sentence, claiming the district court erroneously used a fixed age-related policy and otherwise abused its discretion. **AFFIRMED.**


　　Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

　　Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


　　Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Terreon Marcell Shabazz pled guilty to first-degree eluding and felon in possession of a firearm. The district court sentenced him to prison terms not exceeding five years for each crime, to be served concurrently. On appeal, Shabazz contends the district court used a fixed policy in imposing sentence and abused its discretion in declining to suspend his sentences and place him on probation.

Sentencing courts have "discretionary power" that must be applied. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). "The court is not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion." *Id.* (citation omitted). Shabazz asserts the sentencing court "impos[ed] a prison sentence based on a single factor—[his] age." He cites the following statement: "Mr. Shabazz, I regret to tell you that, at 30 years old, you have now transitioned from a position where the Court's considered community-based corrections as—as a viable option for you." But the statement was preceded by a detailed summary of Shabazz's criminal history, with the court noting that Shabazz "had an active ten years by way of criminal conduct." And the statement was followed by a discussion of Shabazz's "inability to comply with the terms and conditions of community-based corrections," as reflected in his ten-year criminal history. The challenged statement simply underscored Shabazz's lack of success in community-based programs. The court did not employ a fixed age-related policy in sentencing Shabazz to prison.

Nor did the court abuse its discretion in declining to suspend the prison sentences. Although Shabazz correctly points out that the preparer of the

presentence investigation report recommended "[f]ormal [p]robation [s]upervision," the preparer also stated, "Due to the serious nature of the instant offenses, prison sentences may be appropriate." In opting for prison, the sentencing court cited Shabazz's age, prior criminal history, employment circumstances, and nature of the offenses. These were appropriate considerations. *See State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).

**AFFIRMED.**