# IN THE COURT OF APPEALS OF IOWA

No. 23-0966
Filed July 3, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID DAROLD BLAUER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Valerie Clay, Judge.

A defendant challenges his sentences for eluding, driving while barred, and operating while intoxicated. **AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**TABOR, Presiding Judge.**

David Blauer asks us to review the prison sentence imposed following his convictions for eluding a law enforcement vehicle, driving while barred, and operating while intoxicated (OWI). Blauer asserts that the district court abused its discretion by not granting him probation. Because the court appropriately weighed the necessary factors in reaching its decision, we affirm.

**I. Facts and Proceedings**

In June 2022, Iowa State patrol officer Taylor Buhmeyer spotted Blauer speeding and passing in a no-passing zone, according to the minutes of testimony. When the officer activated his emergency lights, Blauer used a right-turn-only lane to pass a semitruck. Blauer then sped through an intersection, prompting the officer to turn on his siren. Buhmeyer chased Blauer, who drove in the center left-turn-only lane at speeds reaching 100 miles per hour in a 45 mile-per-hour zone.

The pursuit ended when Blauer collided with another vehicle whose driver reported a broken ankle and property damage. Blauer received medical treatment and blood tests revealed the presence of methamphetamine, amphetamine, hydromorphone, fentanyl, and THC. After waking from a fourteen-day coma, Blauer was arrested.

Blauer pleaded guilty to eluding a law enforcement vehicle, a class "D" felony in violation of Iowa Code section 321.279(3)(a) (2022),[1] driving while barred, an aggravated misdemeanor in violation of section 321.561, and OWI, first offense, in violation of section 321J.2(2)(a). There was no plea agreement.

---

[1] Now codified at Iowa Code section 321.279(2)(a).

Four months before sentencing, Blauer obtained a court-ordered substance use evaluation, after which the counselor recommended "substance use program treatment at the extended outpatient level." Blauer did not act on the recommendation.

At the sentencing hearing, the State recommended maximum prison sentences of five and two years, respectively, for the first two counts, to be served consecutively. The State noted a slew of "similarly situated" offenses in Blauer's record. Nineteen of his prior offenses are drug-related, and twenty-three of them have to do with operating motor vehicles. And the State pointed out the gravity of this specific offense: "the thing that we are most afraid of when it comes to eluding happened. This defendant hit an innocent bystander." The State took no position on the OWI count, though the presentence investigation (PSI) report recommended the maximum term of one year. The PSI also recommended imprisonment for the other counts.

Defense counsel, while admitting that Blauer's criminal record was extensive, asked for a suspended sentence, arguing that his client needed substance-use treatment. Counsel contended that Blauer's twenty-one court-ordered interventions since 2001 showed that he had sought help "for at least the last 15 years." Counsel added: "it's [not] going to benefit anybody short- or long-term to just keep locking these people up that need help." Blauer, in his allocution, concurred: "I don't think I need to go to prison. I need to go to treatment."

The district court sentenced Blauer to prison terms of not to exceed five years, not to exceed two years, and one year, the maximum authorized under each of the counts, to be served concurrently. In explaining its decision, the court noted

Blauer's "lengthy history of similar convictions"—including two eluding convictions and two OWI convictions. While "not intend[ing] to punish [Blauer] for [his] addiction" and "not disput[ing] that treatment would be beneficial," the court found "that the safety of the public cannot be protected in any other manner than by imposing a prison sentence at this time." The court was concerned that Blauer was not engaged in treatment even though it had been recommended to him four months earlier, remarking, "[h]ad the Defendant taken steps to engage himself in treatment before sentencing, the Court may have ruled otherwise." The court did reject the State's recommendation for consecutive sentences, imposing concurrent prison terms. Blauer appeals his sentences.[2]

## II. Analysis

We do not substitute our judgment for the district court's when it comes to sentencing. Instead, we look for abuse of discretion. *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018); Iowa Code § 901.5 (2023) ("The court shall determine . . . which of [the authorized sentences], *in the discretion of the court,* will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." (emphasis added)). In other words, we ask whether the district court's decision was based on grounds clearly untenable or unreasonable. *Wickes*, 910 N.W.2d at 564. If not, we affirm.

---

[2] To appeal following a guilty plea, the defendant must show good cause. Iowa Code § 814.6(1)(a)(3) (2023). The State concedes that Blauer has good cause—a "legally sufficient reason" to appeal. *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020). "[T]he good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain." *Id.* Blauer's appeal fits that description.

District courts must determine which sentence will maximize opportunity both "for rehabilitation of the defendant" and "for the protection of the community." Iowa Code § 901.5. They must consider all matters pertinent to that determination, including "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (citation omitted).

Here, the district court satisfied that mandate. It considered all pertinent matters in sentencing Blauer to prison. It recognized that its two aims—rehabilitation of Blauer and protection of the community—may sometimes call for different resolutions. On the one hand, the court acknowledged Blauer's position that his rehabilitation chances would be better under a sentence of probation and treatment. On the other hand, the court recognized the State's view that the community would be better protected with Blauer imprisoned. By considering factors including the nature of Blauer's offense, his criminal record, the victim impact statement, and recommendations of the PSI report, prosecutor, and defense, the district court found that the scales tipped in favor of imprisonment.

Yet Blauer argues that the district court gave insufficient weight to his chances of rehabilitation. He contends that the court had "no reason to believe" that persons addicted to drugs can be rehabilitated in prison. He argues that the court "had no rational basis" to conclude that the protection of the community required his incarceration. Instead, he argues, "[t]he protection of the community from further offenses at the hands of Mr. Blauer lies squarely within his full, or at least greatly enhanced, drug addiction rehabilitation."

But it was within the district court's discretion to decide, after considering all pertinent factors as it did here, that the safety benefits accruing to the community from Blauer's imprisonment outweigh any rehabilitative benefits Blauer would derive from going through treatment while on probation. We find no reason to remand for resentencing.

**AFFIRMED.**