# IN THE COURT OF APPEALS OF IOWA

No. 23-1338
Filed March 19, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM DAVID CART,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,
Judge.


        Adam Cart appeals his agreed-upon sentence following his guilty plea to
possession of methamphetamine, third offense.  **APPEAL DISMISSED.**


        Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, for appellee.


        Considered by Schumacher, P.J., Langholz, J., and Mullins, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2025).

**MULLINS, Senior Judge.**

In 2019, the State charged Adam Cart for possession of methamphetamine, third offense, in violation of Iowa Code section 124.401(5) (2019). The parties entered a plea agreement allowing Cart to participate in drug court. Resolution of Cart's case would depend on his performance in the program. At a hearing on Cart's admission to drug court, the prosecutor recited the relevant terms of the agreement:

> Mr. Cart, if you are successful in drug court, the agreement is the State will allow you to plead guilty to possession of a controlled substance, second offense, an aggravated misdemeanor, receive a suspended sentence and probation. If you're not successful in drug court, you'll plead guilty as charged to the Class D felony, agree to a five-year prison sentence, and that will run consecutive to any parole revocation in those matters. Is that your understanding of the plea agreement?

Cart responded, "Yes, sir." The district court approved the plea agreement and released Cart to supervision.

Cart did not succeed in drug court. He absconded from the program in 2020 and was arrested three years later. Pursuant to his agreement with the State, Cart signed a petition to plead guilty to possession of methamphetamine, third offense—a class "D" felony. He waived his right to further hearing and requested the court "proceed on this matter in writing pursuant . . . to the joint agreement and recommendation of the parties." The district court accepted the plea and sentenced Cart on the written record. It imposed an indeterminate five-year prison sentence and a $1025 fine, which was suspended.

Cart appeals, arguing the district court failed to exercise discretion in fashioning his sentence. The State contends we lack jurisdiction to consider Cart's

claim. As a general rule, a defendant who pleads guilty to a class "D" felony has no right to appeal, although an exception exists for cases in which "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3) (2023). Absent such a showing, we lack jurisdiction, and the appeal must be dismissed. *State v. Rutherford*, 997 N.W.2d 142, 144 (Iowa 2023). Cart argues he has good cause to bring this appeal because he challenges his sentence, not his plea.[1] We do not agree.

The good-cause requirement reflects a legislative effort "to curtail frivolous appeals from guilty pleas and thereby enforce their finality." *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020). Our supreme court has explained that "good cause" contemplates "a legally sufficient reason" that must "advance, rather than defeat, the purpose of the statute." *Id.* at 104–05 (citation omitted). In *Damme*, the court held that a defendant's challenge to "his or her sentence rather than the guilty plea" carries a presumption of good cause because "sentencing error invariably arises after the court has accepted the guilty plea" and "[t]his timing provides a legally sufficient reason to appeal." *Id.* at 105.

However, the defendant in *Damme* "received a discretionary sentence that was neither mandatory nor agreed to as part of her plea bargain." *Id.* That is not the situation for Cart, who challenges the imposition of the very sentence to which he agreed. Whether good cause exists for such a defendant in the absence of an independent sentencing error remains undecided by our supreme court. *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) (saving that question "for another

---

[1] Cart does not request discretionary review under Iowa Code section 814.6(2).

day"). But, presented with the same circumstances, this court has routinely declined to find good cause. *See, e.g.*, *State v. Hidlebaugh*, No. 23-2016, 2025 WL 271367, at *1 (Iowa Ct. App. Jan. 23, 2025); *State v. Williams*, No. 23-1258, 2024 WL 4965863, at *2 (Iowa Ct. App. Dec. 4, 2024); *State v. Spencer*, No. 23-0844, 2024 WL 3518267, at *1 (Iowa Ct. App. July 24, 2024); *State v. Brumley*, No. 23-1693, 2024 WL 2842224, at *1 (Iowa Ct. App. June 5, 2024).

Cart pled guilty to a class "D" felony, waived his right to a sentencing hearing, and received his agreed-upon sentence. He now argues the district court should have considered other punishments, framing its error as a failure to exercise discretion. *See State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979). Even if we interpret that challenge to target an error separate from Cart's sentence, *see State v. Davis*, 969 N.W.2d 783, 784–85 (Iowa 2022) (finding good cause where a defendant alleged denial of his allocution rights), it falls short of the statutory standard. Cart understood the terms of his plea deal. He received the sentence for which he bargained. A finding of good cause under these facts would defy section 814.6's purpose of curtailing frivolous appeals and enforcing the finality of defendants' plea decisions. *See Damme*, 944 N.W.2d at 100. We lack jurisdiction to hear this appeal.

**APPEAL DISMISSED.**