# IN THE COURT OF APPEALS OF IOWA

No. 24-1024
Filed April 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRAYTON KYLAR REYNOLDS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Jason Burns, Judge.

        A defendant appeals his sentences for two convictions of enticing a minor under the age of sixteen for a sexual purpose. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

        Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

Brayton Reynolds approached two teenage boys walking to middle school and offered to perform oral sex on them. He pleaded guilty to two counts of enticing a minor under the age of sixteen for a sexual purpose—a class "D" felony. *See* Iowa Code § 710.10(2) (2023). And the district court sentenced him to concurrent five-year indeterminate prison sentences rather than suspending the sentences and granting probation as he urged.

Reynolds now appeals, arguing that the district court abused its discretion in sentencing him for three reasons. First, he argues that the court considered an improper factor because it described his prior offense that placed him on the sex offender registry as "sexually motivated." Second, he argues that it considered only a single factor—his criminal history—rather than all the sentencing factors. And third, he argues that the court showed it was following a fixed sentencing policy by saying his conduct "will not be tolerated under any circumstances."

We disagree. The court's consideration of his prior offense and shorthand reference to its sexual nature was not an improper factor. Nor was that criminal history the only factor considered by the court—it also expressly relied on Reynolds's "personal circumstances" and the "repulsive" nature of "the facts of this case." And nothing in the record—including the court's unremarkable statement that it would not "tolerate[]" Reynolds's illegal conduct—suggests the court's selection of Reynolds's specific sentence was based on any fixed policy. We thus affirm the sentences imposed by the district court.

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This

deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

At the sentencing hearing, the district court succinctly explained why it selected the five-year concurrent prison sentences for Reynolds's convictions:

> Mr. Reynolds, the reason for the Court's decision today is your personal circumstances, which does include a prior charge which you pled guilty to and were sentenced and received a deferred judgment for, which was a sexually motivated offense, that exploitation charge. You're currently already on the sex offender registry. And, quite frankly, the facts of this case are that a registered sex offender was approaching children and attempting to engage them in sexual activity. That behavior is repulsive, it is illegal, and it will not be tolerated under any circumstances.

*Considering an Improper Factor.* Reynolds first argues that the court's reference to his deferred judgment for sexual exploitation of a minor as "a sexually motivated offense" shows it relied on an improper factor because sexual motivation was not an element of that offense. Relying on an improper consideration in sentencing is an abuse of discretion that requires resentencing, "even if it was merely a secondary consideration." *State v. Schooley*, 13 N.W.3d 608, 618 (Iowa 2024) (cleaned up). But a defendant has the burden to "show that the sentencing court relied on improper evidence." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). And "[w]e will not draw an inference of improper sentencing considerations which are not apparent from the record." *Formaro*, 638 N.W.2d at 725.

In context, we view the court's passing reference to Reynolds's prior offense being "sexually motivated" as imprecise shorthand for saying that the offense was

one for which Reynolds was required to register as a sex offender. Reynolds's current status on the registry was the very next thing the court said. And then the court again focused on his sex-offender status in describing the seriousness of Reynolds's conduct in committing another sex crime.

To better understand why the court would use this shorthand, further context about our sex-offender-registration requirements is helpful. Some offenses, like Reynolds's prior offense of sexual exploitation of a minor in violation of Iowa Code section 728.12(3) (2017),[1] are "per se sex offenses for which a conviction, standing alone, requires registration" on the sex offender registry. *State v. Miller*, 4 N.W.3d 29, 31 (Iowa 2024); *see also* Iowa Code §§ 692A.102(1)(b)(19), 692A.103(1). Other more general offenses, like harassment, require registration "only if the state proves beyond a reasonable doubt to a judge or jury that the offense was sexually motivated." *Miller*, 4 N.W.3d at 31 (cleaned up); *see also* Iowa Code §§ 692A.126(1); 692A.101(29); 229A.2(10) (defining "sexually motivated" to "mean[] that one of the purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime"). So while technically, Reynolds is correct that no finding of sexual motivation was required for his prior offense to place him on the registry, that is only because the legislature deemed the offense to be serious and sexual enough that that it automatically requires registration rather than needing proof of sexual motivation. And given the term's association with an offense qualifying for the registry, it is

---

[1] That statute makes it an aggravated misdemeanor "to knowingly purchase or possess a visual depiction of a minor engaging in a prohibited sexual act or the simulation of a prohibited sexual act." Iowa Code § 728.12(3).

understandable that the court speaking off the cuff would say the offense was "sexually motivated" when explaining that the offense required registration.

Reynolds does not dispute that he was on the sex-offender registry because of his guilty plea to sexual exploitation of a minor. Nor does he argue that it was improper for the court to consider that fact in selecting the sentence. Rather, he contends we should infer that the court's single reference to the offense being "sexually motivated" means the court relied on a belief that the prior offense was committed for Reynolds's sexual gratification without any factual basis in the record. And he points us to our unpublished opinion in *State v. Campie* as support. *See* No. 22-1075, 2023 WL 7391665 (Iowa Ct. App. Nov. 8, 2023). But the district court's extensive consideration of unproven conduct, including whether the defendant was "a sexual predator" in *Campie* is very different. *Id.* at *2–4.

There, the district court kicked off its relevant sentencing explanation by saying, "The real issue is whether or not the defendant's a sexual predator because that's the issue that we need to confront in terms of sentencing." *Id.* at *3 (cleaned up). And then the court went on to explain its related view—without any evidence in the record to support it—that when committing the particular offense, there was "just simply no way that this defendant did not know" the victim was a minor. *Id.* We concluded these were improper factors requiring resentencing. *Id.* at *5. And we reasoned in part that "[t]here [was] no basis to refer to Campie as a sexual predator in either a legal or colloquial sense" because both the statutory enhancement for sexually predatory offenses and the dictionary definition required multiple sexual offenses and the defendant was a first-time offender. *Id.* at *3–4.

Here, on the other hand, there's no reason to infer that the court believed that whether Reynolds's prior offense was for his sexual gratification was an issue relevant to his sentence at all—let alone the "real issue" needing to be confronted—as in *Campie*. *See id.* at *3. As we have already explained, the single mention of "sexually motivated" has another reasonable meaning—causing Reynolds's placement on the sex-offender registry—that is not improper, which was not the case in *Campie* where even the colloquial usage of "sexual predator" was inapt. *See id.* at *4. And while "we might tweak some of this extemporaneous phrasing from the comfort of appellate review," given its full context, Reynolds has not shown that the district court considered an improper factor. *State v. Brammer*, No. 24-0127, 2025 WL 52854, at *5 (Iowa Ct. App. Jan. 9, 2025)

*Considering a Single Factor.* Reynolds next argues that the court improperly used his "criminal history as the sole determinative factor in exercising its discretion to impose prison sentences." When selecting an appropriate sentence, the court must decide what "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2023). To do so, "the court must consider the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Gordon*, 998 N.W.2d at 862 (cleaned up). A court cannot rely on only a single factor. *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) (reversing manslaughter sentence when court gave only one reason—that the defendant caused "the loss of life"). But placing "considerable emphasis" on a particular factor at sentencing is not an abuse of discretion so long as the court also

"considered other factors pertinent to sentencing." *State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006).

Here, the court did not rely only on Reynolds's criminal history. The court expressly considered multiple factors. It said that it was basing the sentence on Reynolds's "personal circumstances," noting just that his criminal history was one item included in those circumstances. And the court had before it the presentence-investigation report detailing many other personal circumstances. The court also relied on "the facts of this case" and the nature of the offense, highlighting that it involved Reynolds "approaching children and attempting to engage them in sexual activity" and describing his conduct as "repulsive." The court did not abuse its discretion by improperly relying on only a single sentencing factor.

*Following a Fixed Sentencing Policy*. Finally, Reynolds argues that the court's observation that his "behavior is repulsive, it is illegal, and it will not be tolerated under any circumstances" shows that the court improperly followed a fixed sentencing policy. We again disagree. To be sure, a district court abuses its discretion when it fails to make an individualized sentencing and instead applies a personal, "previously-fixed sentencing policy." *State v. Hildebrand*, 280 N.W.2d 393, 395–97 (Iowa 1979) (reversing for abuse of discretion when district court applied its personal policy that "when there is an accident involved, I do not and will not grant a deferred sentence"). The court's observation relied on by Reynolds does not describe any such fixed sentencing policy. It merely describes the court's view of Reynolds's conduct. And we cannot say that the court's assessment is unreasonable or untenable.

Bottom line, the district court did not abuse its discretion in sentencing Reynolds to concurrent five-year prison sentences.  We thus affirm.

**AFFIRMED.**