# IN THE COURT OF APPEALS OF IOWA

No. 24-1293
Filed June 18, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHANE DAVID GRIFFIN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Hunter W. Thorpe, Judge.

A criminal defendant appeals a discretionary sentence and denial of deferred judgment following a guilty plea. **AFFIRMED.**

Michael Lewis, Cambridge, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

Shane Griffin appeals from the discretionary sentence and denial of deferred judgment following his guilty plea to domestic abuse assault causing injury. He claims the district court had a fixed sentencing policy. We affirm.

Griffin assaulted and injured his estranged wife in June 2023. The county attorney charged him with domestic abuse assault by strangulation causing bodily injury, a class "D" felony in violation of Iowa Code section 708.2A(5) (2023); domestic abuse assault causing bodily injury, a serious misdemeanor in violation of section 708.2A(2)(b); and false imprisonment, a serious misdemeanor in violation of section 710.7. As part of a negotiated plea agreement, Griffin pled guilty to the serious-misdemeanor domestic-abuse count in exchange for dismissal of the others. The State agreed to recommend the mandatory minimum of two days in jail and the minimum fine, while Griffin was free to request a deferred judgment; the State agreed to "stand silent" on Griffin's request.

At sentencing, the court followed the State's recommendation and imposed judgment and the two-day mandatory-minimum jail sentence. And the court gave the following explanation of its reasons for sentence:

> Iowa Law requires that the Court impose a sentence that considers your need for and your potential for rehabilitation, as well as the necessity for protecting the community from further offenses by you and other similarly situated people. Considering your age, your prior history, your employment, and family circumstances, the nature of this offense, whether a weapon was or was not used, your attitude that you've shown me today and throughout this case, through what I've seen from filings, stuff like that, your financial circumstances, and just what I've learned about through this hearing, which is kind of one of the bigger factors today since this is kind of one of the first times I'm interacting with you in person. . . .
> Based upon just review of the file and recommendations of the parties, I am going to go along and—go along with the request of

the State today. And the reason I'm doing that—I'm going to give you the minimum two days, the fine of $430, require you to do the Iowa Domestic Abuse Program. I will not be doing a deferred judgment today, and my primary reason is the serious nature of this offense.

When I look at what happened, what's going on here, I think this is the best situation to—the best situation to put us in a position for rehabilitation and to protect the community. I recognize that it's not the easier thing for you, but here in this situation there is a life that has been changed because of this. This offense is one of the more serious type of offenses that I get to deal with as a district associate judge and domestic abuse is not something that I take lightly.

With that being said, this is your first offense that has not been deferred before and I recognize that and that's why I think the minimums are appropriate, the two days, the minimum fine, things like that.

Griffin argues on appeal that the district court's explanation reflects a fixed sentencing policy against deferred judgments based on the offense being "serious." To obtain relief, he would have to overcome the "strong presumption" that his sentence, which fell within the statutory limits, was not based "on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

We discern no fixed sentencing policy. *See State v. Blair*, No. 23-1455, 2024 WL 3518287, at *3 (Iowa Ct. App. July 24, 2024) ("Using language like, 'I do not and will not' and, 'I have the policy of' to explain the reasoning behind sentencing signals a fixed sentencing policy and an abuse of discretion."); *cf. State v. Hildebrand*, 280 N.W.2d 393, 395–96 (Iowa 1979). Instead, the court identified and weighed multiple proper sentencing factors. *See* Iowa Code § 907.5. One of these is "[t]he nature of the offense committed." *Id.* § 907.5(1)(f). And it was not an abuse of discretion to consider the nature of the offense a "primary" factor.

**AFFIRMED.**