# IN THE COURT OF APPEALS OF IOWA

No. 24-1445
Filed August 6, 2025

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**PHILIP ANTONIO OXENDINE,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

　　A defendant appeals the district court's order imposing consecutive sentences. **AFFIRMED.**

　　Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

　　Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

　　Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

Philip Oxendine pleaded guilty to four crimes involving two victims: (1) assault causing bodily injury, (2) attempted burglary in the second degree, (3) assault on a police officer causing bodily injury, and (4) interference with official acts resulting in bodily injury. The district court imposed the maximum term of incarceration for each crime and ordered the sentences to be served consecutively. This resulted in Oxendine receiving an indeterminate term of incarceration not to exceed nine years. Oxendine appeals, arguing the district court abused its discretion by relying on a fixed sentencing policy when it imposed consecutive terms of imprisonment.[1]

We review a district court's sentencing decision for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). The district court abuses its discretion when it applies a fixed sentencing policy. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

At the sentencing hearing, the State requested consecutive sentences. Oxendine requested a deferred judgment on all charges for which he was deferred-judgment eligible.[2] The district court denied the request for deferred judgment on the eligible counts and imposed consecutive sentences.

To impose consecutive sentences, the district court was required to

---

[1] We have jurisdiction over Oxendine's appeal despite his guilty pleas because he established good cause to appeal by challenging his sentence, which was neither mandatory nor agreed to pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3) (2024); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).
[2] The parties agreed that Oxendine was not eligible for a deferred judgment on the charge of assault on a peace officer causing bodily injury. *See* Iowa Code § 907.3(1)(a)(11).

"particularly state" the reasons for doing so. Iowa R. Crim. P. 2.23(2)(g) ("The court shall state on the record the basis for the sentence imposed and shall particularly state the reason for imposition of any consecutive sentence."). The court gave these reasons for imposing consecutive sentences:

> [T]he court considers the factors set forth in the Iowa Code, including the presentence investigation report and recommendation of the parties, the defendant's statement on the record today, as well as the nature of the offenses, the defendant's age, prior record; and looking at all of the sentencing options available to the court, the court determines that the sentence which will provide the maximum opportunity for rehabilitation of the defendant and protection of our community from further offenses by the defendant and others is the sentence as recommended by the State.
> . . . .
> In addition, the court finds that the sentences for [the relevant counts] should be consecutive to one another. The reason for this is the court believes that the nature of these offenses involving different victims . . . [,] the violent nature of these offenses; for those reasons, I believe consecutive sentences are appropriate.

Subsequently, the court entered a written sentencing order that further explained its reasoning: "The court determines that the above sentence is most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the [presentence investigation report], if any." We consider both the court's statements at the sentencing hearing and in the sentencing order that follows in assessing a claim that the district court abused its discretion. *State v. Luke*, 4 N.W.3d 450, 458 (Iowa 2024).

Oxendine contends that, because each of his crimes required proof of an element that made the offense "inherently violent," the district court's reliance on the "violent nature of these offenses" constituted a fixed sentencing policy based only on the nature of the offenses. We are not persuaded. Oxendine's argument

overlooks the fact that, in addition to relying on the violent nature of his crimes as a basis for imposing consecutive sentences, the court also relied on the fact that there were two victims. Furthermore, to overcome the presumption of validity of his sentence, it is Oxendine's burden to affirmatively demonstrate that an improper factor was considered by the court following a fixed sentencing policy. *See Damme*, 944 N.W.2d at 106. But nothing in the court's statement at the sentencing hearing or in the written sentencing order suggests that it followed a fixed policy. Instead, the record shows consideration of multiple, relevant factors in arriving at the sentencing decision, including the decision to order the sentences to be served consecutively. *See State v. Alexander*, No. 15-0615, 2016 WL 3003415, at *3 (Iowa Ct. App. May 25, 2016) (rejecting a claim of a fixed sentencing policy when the record shows consideration of a variety of factors).

In short, we find the district court neither relied on a single factor nor followed a fixed sentencing policy in deciding to impose consecutive sentences. As a result, we discern no abuse of the court's discretion and affirm.

**AFFIRMED.**