# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0523
Filed February 25, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Keaton Lee Clements,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Muscatine County,
The Honorable Tamra Roberts, Judge.

———————————

**AFFIRMED**

———————————

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

———————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Keaton Clements, then age twenty-four, violently assaulted multiple family members, brandished a loaded handgun, and threatened them. As part of a negotiated resolution, he pled guilty to one count of going armed with intent, a class "D" felony in violation of Iowa Code section 708.8 (2024); four counts of harassment in the first degree—threatening a forcible felony, aggravated misdemeanors in violation of section 708.7(1) and (2); one count of domestic abuse assault while displaying a dangerous weapon, an aggravated misdemeanor in violation of section 708.2A(1) and (2)(c); and one count of assault while displaying a dangerous weapon, an aggravated misdemeanor in violation of section 708.1(2)(c) and (3). The district court sentenced Clements to prison, with a mix of consecutive and concurrent terms.[1] He appeals, claiming the court followed a fixed sentencing policy.

In his brief, Clements accurately observes the sentencing court offered "an extensive explanation of the factors, both aggravating and mitigating, that it considered in determining the sentence." He seizes on three specific portions of the court's nine-paragraph explanation, arguing they evince a fixed sentencing policy. To give full context to the sentencing court's remarks, we reproduce the entire explanation of reasons below, italicizing the portions Clements asserts reflect a fixed sentencing policy:

> My duty under the law is to review what's available to me in terms of community resources, the appropriate rehabilitative plan for you, and to consider that the public must be protected. In doing so, I look at the seriousness of the crime, the effect the crime has had upon members of the community, your willingness to accept change and treatment if necessary,

---

[1] Clements fully discharged his sentence on four of the counts before this appeal was transferred to our court. Because the felony sentence has not been discharged, we assume without deciding Clements's sentencing challenge remains ripe.

and what's available in the community to assist you in that process. First, I look at the least restrictive alternatives, before I move on to the more restrictive alternatives.

I have reviewed the Presentence Investigation Report [(PSI)] and have considered the information contained therein. However, I have not given any consideration to any entries in the criminal history section of the report that do not show an admission of guilt or adjudication of guilt. Also, the Court at this time is going to disavow any reasons that cannot be considered by the Court which have been presented here today but cannot be considered.

I know specifically, Counsel, you've asked for me not to consider his mental health. However, in this situation, I almost think that the testimony regarding the mental health was a mitigating factor. But if you do not wish for me to consider that, then I will not.

The other things the Court has taken—or the Court will disavow are any actions to which the defendant has not pled guilty to. The Court is limited in its decision here today based on the offenses to which he's pled guilty and the factual basis for each of those offenses which have been given to the Court through the guilty plea that was filed in this case.

*Specifically, the Court has taken into consideration the defendant's young age, the nature of the offense—The nature of the offense was violent in this case. Some behavior is just so violent and so dangerous that it justifies a more serious consequence, especially when something is a result of something that is so mundane as what occurred in this case. The trigger is just surprising to the Court that could result in sort of any behavior by the defendant as a result of unplugging something. It seems very disproportionate.*

The Court is also concerned about the safety of children and the vulnerable people in this community. This offense occurred against children, elderly people, and family members. *Besides the offense being violent, it was very unpredictable, and that makes it very difficult for the Court to determine what kind of, even, possible rehabilitation can occur in the community.*

The PSI says that you need impulse control, anger management, work on your hostility, anger hostility, and you need to address the negative mood. I don't have any of your mental health information, but something is happening here. I think it's just my hope that it's a mental health

problem and not criminal choices that you've planned and made and that's not the person that you want to be. Absent that information, absent having some sort of recommendation from a doctor or having some sort of evaluation, it's difficult for the Court to determine whether it was mental health that was driving your behavior or if it was your own criminal behavior.

The Court has also taken into consideration the defendant has no criminal history and he's been an active part of society by having jobs. Whether or not he's changed jobs, still, he's been contributing to society by having those jobs. By all accounts, he goes to work when he's supposed to go to work. And obviously, he's made some attempts to reach out to get help from family members as needed. I think that's probably shown best by the fact that he was living with his grandparents and that he was needing help and that he was able to find help from them.

The Court also has to take into consideration the need for both specific and general deterrence. I've taken into consideration his family history and the fact that he—we see a lot of folks that come through court that have substance abuse or alcohol problems, and that's not you. You've lived a relatively clean life without crime, without any of these terrible, sort of, vices that people generally have that show up here in court, and you don't seem to have those.

Certainly, it's a very difficult decision, and I don't take it lightly. I don't want your family to feel like they've chosen sides or that they've— they have any effect on the outcome here today. The decision of the Court here today is of the Court's own making, not even in particular for any statement that anybody has made here in court, but because of the facts that were admitted to in the record. Those were enough to make the Court reach its own decision regarding what the proper punishment should be in this case. The Court wants to protect the community to the maximum. *I don't know of any rehabilitation that could occur in the community to support you. I just don't have any good options to rehabilitate you here because of the unpredictable nature of the violence in this case. That gives the Court great concern.*

According to Clements, the italicized statements show the court "follow[ed] a fixed-sentencing policy of sending defendants who commit crimes of violence to prison." To obtain relief on appeal, Clements would

4

have to overcome the "strong presumption" that his sentence, which fell within the statutory limits, was based "on grounds or for reasons that were clearly untenable or unreasonable" rather than an appropriate exercise of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We conclude Clements cannot show an abuse of discretion on this record.

The leading case for claims of a fixed sentencing policy is *State v. Hildebrand*, 280 N.W.2d 393 (Iowa 1979). There, the sentencing court said it had a "policy" and explained "I do not and will not grant a deferred sentence" for operating-while-intoxicated offenses that involved an accident. *Hildebrand*, 280 N.W.2d at 395. "I do not" and "will not" are definitive, inflexible terms—and "policy" is self-explanatory. *See id.* We do not identify any similarly definitive or inflexible language in the court's explanation here.

Instead, this sentencing court's remarks are more similar to cases finding no fixed sentencing policy. *See, e.g.*, *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (finding no fixed sentencing policy when the sentencing court opined that "deferred sentences are rarely warranted" for operating-while-intoxicated offenses when blood alcohol content is above a certain level); *State v. Voshell*, 12 N.W.3d 1, 4 (Iowa Ct. App. 2024) (seeing "nothing in the court's statements to suggest a fixed sentencing policy"). And we observe that the nature of the offense was certainly not the only factor the court considered—its explanation expressly discussed Clements's age, prospects for rehabilitation, lack of criminal history, employment, the PSI, the effect on the victims and community, and specific and general deterrence.

Given the context of the court's statements, we discern no fixed sentencing policy or abuse of discretion.

**AFFIRMED.**