# IN THE COURT OF APPEALS OF IOWA

No. 23-1135
Filed July 3, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LASEAN MICHAEL BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

        A criminal defendant appeals a discretionary sentence, urging the sentencing court had a fixed policy. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

As part of a plea agreement, Lasean Michael Brown pled guilty in writing to possession of less than fifty kilograms of marijuana with intent to distribute, a class "D" felony in violation of Iowa Code section 124.401(1)(d) (2022). The district court accepted the plea.

At sentencing, the assistant county attorney—consistent with the plea agreement and presentence investigation report (PSI) recommendation—advocated for a suspended sentence but against a deferred judgment. The district court declined to defer judgment, imposed a suspended sentence and probation, and explained its reasoning:

> THE COURT: Okay. I've read through the file, and I saw that the drafter of the PSI does not recommend a deferred for the same reasons that the State has argued here today, essentially because of [Brown's] criminal history, and [defense counsel] makes a good argument today about why a deferred may be appropriate, and the State also rightfully points out that the criminal history is not exactly negligible. The criminal history does show marijuana-related offenses several times, there's an operating while under the influence offense, and I don't know if that one is marijuana or alcohol or something else, but the criminal history goes from 2011 possessing cannabis to public intoxication in 2017, possessing marijuana 2018, another public intoxication 2018, operating while under the influence 2018, another possession of marijuana 2018. So it's gone on over the course of a number of years, and for me a deferred judgment is a defendant's opportunity to come in and say this was something out of character for me, this was an aberration, this was a mistake that I made, and in your case, it doesn't convince me that it was just a mistake or just a one-time thing or out of character for you because you do have that criminal history.
>
> I don't think it's appropriate to send you to prison. I'm not going to do that, but I also don't think it's appropriate to defer judgment in this case because of your criminal history. So I am going to sentence you to a term of incarceration not to exceed five years. I will suspend that sentence. I'm going to place you on formal probation to the Department of Correctional Services for a period of five years. I'm not going to place you in the [residential correctional facility (RCF)]. In part because you take care of your mother, in part

because I'm willing to give you the chance to succeed on probation. If you fail, if you mess up, if you keep coming in and dropping dirty [urinalysis tests] or anything like that or you fail to report to probation, then they can send you to the [RCF] where you would live as a condition of probation. . . .

. . . .

The reasons for my sentence include the recommendation by the State here today, the recommendation made within the PSI, and everything else that I've said on the record.

Brown appeals his discretionary sentence, which we review for an abuse of discretion.  *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015).  Brown claims the sentencing court had "a fixed-sentencing policy of only considering deferred judgments for defendants without a criminal record."  The State responds that the court used "unfortunate phraseology" but did not have a fixed policy.

The leading case for claims of a fixed sentencing policy is *State v. Hildebrand*, 280 N.W.2d 393 (Iowa 1979).  There, the sentencing court said it had a "policy" and explained "I do not and will not grant a deferred sentence" for operating-while-intoxicated offenses that involved an accident.  *Hildebrand*, 280 N.W.2d at 395.  "I do not" and "will not" are definitive, inflexible terms—and "policy" is self-explanatory.  *See id.*  The sentencing court's remarks here are more similar to cases finding no fixed sentencing policy.  *See, e.g., State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (finding no fixed sentencing policy when the sentencing court opined that "deferred sentences are rarely warranted" for operating while intoxicated offenses when blood alcohol content is above a certain level).  Considering the context, we conclude the sentencing court's reference to criminal history here reflected Brown's circumstances and his criminal history rather than a fixed sentencing policy.  We discern no abuse of discretion.

**AFFIRMED.**