# IN THE COURT OF APPEALS OF IOWA

No. 23-1455
Filed July 24, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN MARK BLAIR II,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

        The defendant challenges his sentences, arguing the district court employed a fixed sentencing policy.  **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

John Mark Blair II entered an *Alford*[1] plea to lascivious acts with a child by fondling or touching, a class "C" felony, in violation of Iowa Code section 709.8(1)(a) (2020),[2] and lascivious acts with a child by permitting fondling or touching, a class "C" felony, in violation of section 709.8(1)(b). He was sentenced to two ten-year terms of incarceration, which he was ordered to serve concurrently. Blair appeals his sentence, arguing the district court abused its discretion by applying a fixed sentencing policy based on the nature of the offenses. We affirm the sentence.

**I. Background Facts and Prior Proceedings.**

Over the course of two years while Blair's child was between the ages of four to six, Blair fondled his child and directed his child to fondle him. He was the child's primary care provider and manipulated the child into believing the conduct was a reward for good behavior. The child disclosed their "secret" and charges were brought.

Ultimately, Blair reached a plea agreement with the State and entered an *Alford* plea to the two class "C" felonies of lascivious acts with a child by fondling or touching and lascivious acts with a child by permitting fondling or touching. Pursuant to the plea agreement, each side was allowed to argue for the appropriate punishment; the State asked the court to impose two consecutive ten-year terms of imprisonment while Blair argued for deferred judgments, suspended

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).
[2] The acts were alleged to have occurred sometime between May 2020 and June 2022. The relevant Code sections did not change during that time period, so we rely on the 2020 Iowa Code.

sentences, and a waiver of the requirement to register as a sex offender.[3] After reviewing the presentence investigation (PSI) report and Blair's circumstances at the sentencing hearing, the district court sentenced Blair to two terms of imprisonment not to exceed ten years, running concurrently.

## II. Standard of Review.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and [it] will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To establish an abuse of discretion, the defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998). "The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently." *State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023). A ground is untenable if "it is based on an erroneous application of the law." *See Willard v. State*, 893 N.W.2d 52, 58 (Iowa 2017) (quoting *Sioux Pharm, Inc. v. Eagle Labs, Inc.*, 865 N.W.2d 528, 535 (Iowa 2015)). "[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

---

[3] On appeal, Blair characterizes his request as one for probation. He was not entitled to a deferred judgment or waiver of the requirement to register as a sex offender in any event. *See* Iowa Code §§ 907.3(1)(a)(14) (prohibiting deferred judgment for violations of section 709.8 where the victim was younger than twelve), 692A.102(1)(c)(12) (requiring registration for violations of section 709.8(1)(a) or (b)).

**III. Analysis.**

At center, Blair asserts the district court abused its discretion when it employed a fixed sentencing policy based solely on the nature of the offense in choosing a prison sentence rather than probation.[4]

"The societal goals of sentencing are to provide maximum opportunity to rehabilitate the defendant and to protect the community." *Damme*, 944 N.W.2d at 106. "A sentencing court weighs multiple factors, 'including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform,'" which encompass mitigating factors as well as aggravating. *Id.* (quoting *Formaro*, 638 N.W.2d at 725). "These factors must be specific to the individual defendant—not for specific types of crimes or groups of defendants." *State v. Kitch*, No. 22-1805, 2024 WL 702343, at *3 (Iowa Ct. App. Feb. 21, 2024). The court may also consider the recommendations of the parties and the PSI report. *See State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015). Here, the PSI report author recommended imprisonment. Inherent in the court's discretion is weighing factors differently. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983); *State v. Summers*, No. 08-0164, 2008 WL 4531565, at *3 (Iowa Ct. App. Oct. 1, 2008) ("The court did not improperly base its decision only on the nature of the offense, but used it as one, albeit significant, factor it considered.").

Blair argues the district court failed to tailor his sentence to his unique circumstance when it primarily relied on the nature of the offense and breezed over

---

[4] Blair has good cause to appeal because he challenges his sentence—not the guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (2023); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

his mitigating factors. In addressing its reasoning to run Blair's sentences concurrently, the district court said:

> So, Mr. Blair, the reasons for my sentence are several. The circumstances of the offense are clearly the most important factor in this case. And I agree with much of what [the prosecutor] said. This child was entrusted to your care and custody. And, apparently, some judge . . . put this child in your physical custody following a—a hearing of some kind.
> And yet you violated that trust by committing these acts. It's also important in cases like this that we send a message to the public, because this seems to be so prevalent, that there is an element here of general deterrence to show other people—not just you, but to show other people that if they commit offenses of this nature, it's likely that they'll go to prison.
> So there's an element of general deterrence here and, hopefully, specific deterrence for you, that you will think before you ever do this again once you're released. And you will be released. The reason that I—I've also considered that this was the recommendation of the presentence investigation.
> The reason I ran the sentences concurrently rather than back to back is the—your employment history and your lack of criminal history and the letters of support that I read. You clearly have people that do support you. And that's good. And I think you're a lucky man to have that. But that doesn't deter the fact that I believe you know you deserve a prison sentence for this. In my mind, it merely affects the length of time that you should serve.

Blair contends the district court's language "suggests that *whatever other mitigating considerations may exist*, the court will not grant probation to this category of offense." But that is not what the district court said. Not only did the district court consider the nature of the offense, but it also gave careful consideration to the letters of support, Blair's work and criminal history and the PSI recommendation. So, the district court carefully calculated Blair's mitigating factors in relation to deterrence interests—an appropriate use of discretion. *See State v. Mohlis*, No. 19-0965, 2020 WL 1310356, at *2 (Iowa Ct. App. Mar. 18, 2020) ("[D]eterrence of others is a legitimate sentencing consideration.").

Furthermore, the district court weighing factors more heavily than others does not trigger an abuse of discretion. *See Wright*, 340 N.W.2d at 593 (holding no abuse of discretion when the judge gave more weight when considering the seriousness of the offense than to certain individual factors that might tip the balance toward deferred judgment in offenses viewed as less serious). Appropriately weighing the factors, the district court applied Blair's mitigating factors to the nature of the offense and selected concurrent—rather than consecutive—sentences, rejecting the prosecutor's harsher recommendation.

Nevertheless, Blair stresses the district court's language is evidence of a fixed sentencing policy. Using language like, "I do not and will not" and, "I have the policy of" to explain the reasoning behind sentencing signals a fixed sentencing policy and an abuse of discretion. *See State v. Hildebrand*, 280 N.W.2d 393, 395–96 (Iowa 1979). However, using language that stops just short of denying suspended sentences in particular cases inches "perilously close" to, but is not, a fixed sentencing policy. *Mohlis*, 2020 WL 1310356, at *2 (comparing appropriate and inappropriate language used by the court in sentencing hearings). In *Mohlis*, our court declared the statement, "if . . . they feel that [in the] worst case scenario I'm going to get a suspended sentence, I don't know that we're going to be able to—going to see anything different happening to the trend of more and more embezzlements taking place," came "perilously close" to fixed sentencing language. *Id.* (alterations in original). Here, the district court emphasized the nature of the offense "[is] so prevalent, that there is an element here of general deterrence to show other people . . . that if they commit offenses of this nature, it's likely that they'll go to prison." True, the district court's language inched "perilously

close" to a fixed sentencing policy. However, the district court did not say every offender of this specific offense will always be sentenced to prison. Like *Mohlis*, the district court stops just short of employing a fixed sentencing policy.

The district court appropriately weighed various factors in considering Blair's sentence. We do not find the district court employed a fixed sentencing policy in choosing imprisonment over probation; the court appropriately used its discretion in tailoring the concurrent ten-years sentences to Blair's individual circumstance. We affirm.

**AFFIRMED.**