# IN THE COURT OF APPEALS OF IOWA

No. 24-0975
Filed March 19, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIFFANY LYNN DINEEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Ashley Sparks, Judge.

        Tiffany Dineen appeals her sentences following her guilty pleas, claiming the district court abused its discretion in sentencing her. **AFFIRMED.**

        Austin Jungblut of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

        Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

        Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**SANDY, Judge.**

Tiffany Dineen appeals her sentences following her guilty pleas. She contends the district court abused its discretion by denying a grant of deferred judgment because (1) it used boilerplate language in giving its reasoning for the sentences and (2) it considered only the nature of the offenses in reaching a sentencing determination.

Discerning no abuse of discretion, we affirm.

## I. Background Facts and Proceedings

Shortly after midnight on May 3, 2023, Dineen's vehicle was stopped by Marshalltown Police Sergeant Dane Bowermaster for a speeding violation. As Bowermaster approached the vehicle, he could smell "a very strong odor of burnt marijuana." Bowermaster then asked Dineen to exit the vehicle. After Dineen exited the vehicle, Bowermaster conducted a brief search of the vehicle's passenger cabin. During his search, Bowermaster located a small tweed backpack lying on the floorboard underneath the front passenger seat.

In the backpack, Bowermaster discovered small plastic baggies, hypodermic needles, a pipe, a digital scale, two baggies containing marijuana, three baggies containing methamphetamine, and a small container with methamphetamine. Dineen was subsequently arrested and charged by a three-count trial information. Count I charged Dineen with possession of a controlled substance with intent to deliver (methamphetamine) in violation of Iowa Code section 124.401(1)(b)(7) (2023); count II charged her with failure to affix a drug tax stamp in violation of Iowa Code section 453B.12; and count III charged her with possession of a

controlled substance (marijuana), second offense, in violation of Iowa Code section 124.401(5).

Dineen initially entered a written plea of not guilty, but she later reached a plea agreement with the State. Under the terms of the plea agreement, the State agreed to amend count I to a class "C" felony and to dismiss count II. The State also agreed to recommend suspended sentences for counts I and III. The district court held a plea hearing on April 22, 2022, at which it accepted Dineen's guilty pleas for counts I and III.

A sentencing hearing was held in June. Consistent with the terms of the plea agreement, the State recommended suspended sentences for counts I and III. Additionally, the State recommended the suspended sentences run concurrently. However, the State advocated against a deferred judgment. The State asserted a deferred judgment would be inappropriate because Dineen "was arrested on this matter on December 19, 2023, and just prior to that, Ms. Dineen had been arrested and subsequently pled guilty to possession of methamphetamine, first offense."

Prior to making her recommendation, Dineen testified on her own behalf. Dineen testified she has raised four kids as a single mother. She added that she has completed two degrees in business and was "halfway done" with a master's degree in the same subject. Additionally, she testified that she was "a quarter shy" from obtaining a degree in information technology. She stated it was her goal to own a business one day.

Dineen also described the hardships she has experienced due to being afflicted with a rare hereditary eye disease. She testified that she is virtually blind

in her right eye and was "fastly going there" in her left. According to Dineen, she has had "seven failed cornea transplants, four laser surgeries, and cataract surgery" on her right eye. She has undergone similar treatment and procedures for her left eye. Due to her poor vision, Dineen was unable to maintain stable employment the year prior to her arrest. As she testified at the sentencing hearing, "[t]hen I lost my job because of my vision and was being evicted because I could not pay my rent. That is why I made the choices that I made that got me in the situation I am in. I was desperate." She has applied for disability benefits due to her eye disease.

> Dineen expressed hope for her future in her testimony. As she explained:
>
> I have been very positive. I have a huge support in my community, my church, my family, and my kids. . . . That is why I was not doing drugs for 18 years.
>
> You know, my situation made me make the decisions that I made then. But it is still a situation that I am dealing with to this day. I am making better decisions. I am making the right decisions with the right support and going about it the right way.
>
> I don't associate with anybody except for my church family, my family, and my kids. That is all I need. Until I get approved for disability, I have been applying for jobs, because, as you know, I have college degrees. I have held a steady job since I was fourteen years old. If not one, I have held two. I have worked my whole life. This past year is the only time I have never had a job since I was fourteen.

After finishing her testimony, Dineen advocated for a deferred judgment. Dineen's counsel stated, "[w]e would ask the court to follow the recommendation, which calls for a suspended sentence, and obviously the big point of contention is the deferred." Dineen's counsel then added, "I acknowledge that this would be her second deferred. It is a lot to ask. That is what we are asking for."

Following Dineen's recommendation, the district court announced its sentencing determination. In discussing its sentencing options, the district court stated:

> The Court has considered all of the sentencing options provided under Chapters 901 and 907 of the Iowa Code. My judgment relative to the sentence is based on that sentence which I think provides Ms. Dineen with the maximum opportunity for rehabilitation and also protects the community from further offenses.
>
> In pronouncing this sentence, the Court has considered Ms. Dineen's age; the circumstances surrounding the offense; her family circumstances; specifically that she has children; her employment history and circumstances; her physical health; her potential that she may be collecting disability in the future; and also her substance abuse and mental health needs.
>
> The Court was happy to see in the PSI that there was a time period where Ms. Dineen was obviously successful in the community, at least she was not coming into contact with the court system.
>
> On the flip side, the Court is also concerned that it would appear that when circumstances started to fall apart for Ms. Dineen, it seems as though she returned to some of that criminal thinking as opposed to reaching out to some of those positive supports that she has in the community. That is primarily the reason the Court is not going to grant the deferred judgment at this time.

The district court then sentenced Dineen to a suspended, indeterminate ten-year prison sentence for count I. For count III, the district court sentenced Dineen to a suspended, indeterminate one-year term of incarceration. It ordered these sentences to run concurrently.

Dineen now appeals.

## II. Standard of Review

"We review challenges to sentences within the statutory limits for an 'abuse of discretion.'" *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024) (citation omitted). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hill*, 878 N.W.2d

269, 272 (Iowa 2016). A district court's ground or reason is untenable when it is not supported by substantial evidence or is based on an erroneous application of the law. *State v. Putman*, 848 N.W.2d 1, 7 (Iowa 2014).

### III. Analysis[1]

On appeal, Dineen makes two arguments. First, she contends the district court used "boilerplate language that is inconsistent with appellate review of sentences." She believes the reasoning the district court gave for the sentence—both in the written order of disposition and during the sentencing hearing—was insufficient. Second, she argues the district court improperly relied on one factor—the nature of her offenses—to arrive at the sentence. To support this argument, Dineen highlights that the district court stated it denied her request for a deferred

---

[1] Before addressing the merits of Dineen's arguments on appeal, we must first determine whether she has established good cause for this appeal. *See* Iowa Code § 814.6(1)(a)(3) (providing defendants have no right of appeal from a guilty plea, other than a class "A" felony, unless they establish "good cause"). Normally, good cause is established "when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Here, there is no dispute Dineen is challenging her sentence. However, good cause is not established "when the sentence was either mandatory or agreed to in the plea bargain." *State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Ct. App. Mar. 29, 2023). At first glance, it may seem as though Dineen received the sentence she bargained for in her plea agreement. However, we believe this case is distinguishable. Although there was a plea agreement, it was not a complete one—that is, the issue of the deferred judgment was left open and could be contested. There is a considerable difference between a suspended sentence and a deferred judgment. Under the plea agreement, Dineen was free to advocate for a deferred judgment, which she did at the sentencing hearing. Thus, we believe she has established good cause for this appeal. *See State v. Cubbage*, No. 23-1181, 2024 WL 2045336, at *2 (Iowa Ct. App. May 8, 2024) (finding a defendant who received concurrent sentences established good cause because, despite the defendant reaching a plea agreement with the State to run his sentences concurrently, the parties were not in agreement on whether the defendant should receive incarceration or probation).

judgment primarily because she resorted to "criminal thinking" after she fell on hard times.  We disagree on both points.

We begin our analysis with some basic principles related to sentencing. "When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors."  *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).  It is not our role to determine the sentence we would have imposed, but whether the sentence imposed was unreasonable.  *Id.*  In determining a defendant's sentence, the district court should "consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  Moreover, the district court should consider the defendant's age, criminal record, nature of the offense, employment and family circumstances, and propensities to reform.  *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

Applying these principles, we conclude the district court did not abuse its discretion in sentencing Dineen.  Here, the district court explicitly stated it considered Dineen's age, the nature of her offenses, her family circumstances, and her employment history and circumstances.  The district court added that it considered the sentence most appropriate for the "maximum opportunity for rehabilitation" and protecting "the community from further offenses."  While Dineen characterizes this language as "boilerplate," we reject such a characterization. *See State v. Merrival*, No. 23-1869, 2024 WL 3518293, at *2 (Iowa Ct. App. July 24, 2024) ("The district court's use of typical sentencing language does not trigger an abuse of discretion so long as the decision is individualized.").  We are satisfied

the district court arrived at an individualized decision because, beyond using the typical sentencing language, it mentioned Dineen's children, the fact that she had recently applied for disability benefits, her physical health, her substance use, and mental health needs.[2]

Additionally, we cannot agree with Dineen's argument that the district court reached a sentencing decision based solely on the nature of her offenses. Dineen asserts the district court determined her sentence by considering only the nature of her offenses because the court stated it was rejecting a deferred judgment "primarily" due to her return to "criminal thinking." Thus, Dineen believes this demonstrates the district court relied solely on the nature of her offenses in imposing sentence.

It is true, as Dineen points out, that the district court cannot exclusively rely on the nature of the offense in sentencing a defendant. *See State v. Evans*, No. 23-0558, 2024 WL 4039571, at *3 (Iowa Ct. App. Sep. 4, 2024) (noting the district court "cannot rely on the nature of the offense alone in imposing sentence."). However, Dineen's argument on this point attempts to make a mountain out of a molehill through the district court's use of the word "primarily." When the sentencing hearing transcript is read in its entirety, it is clear the district court considered numerous factors in reaching its sentencing determination. And the

---

[2] Dineen also suggests the district court did not sufficiently provide reasons for the sentence imposed because it made "no specific mention of how those factors led to imposing a suspended sentence rather than a deferred judgment." Dineen's argument overlooks the well-recognized rule that, in providing reasoning for sentencing, "[a] terse and succinct statement is sufficient provided that the brevity of the court's statement does not prevent appellate review of the exercise of the trial court's sentencing discretion." *State v. Wilson*, 5 N.W.3d 628, 634 (Iowa 2024).

district court may place greater emphasis on one factor provided it is clear it properly considered other factors in imposing sentence. *See State v. Wright*, No. 21-1821, 2023 WL 152773, at *3 (Iowa Ct. App. Jan. 11, 2023) (noting the district court may place greater emphasis on one factor, so long as other sentencing factors were considered in imposing sentence).

Accordingly, we find the district court did not abuse its discretion in sentencing Dineen.[3]

## IV. Conclusion

Finding no abuse of discretion, we affirm Dineen's sentences.

**AFFIRMED.**

---

[3] In her brief, Dineen suggests the district court did not comply with our rules of criminal procedure because it did not sufficiently provide its reasoning for the imposed sentence in the written order of disposition. Iowa Rule of Criminal Procedure 2.23(2)(f) provides "[t]he court shall ensure that the basis for the sentence imposed appears in the record." However, our supreme court has stated the district court can comply with this rule "by orally stating the reasons on the record or placing the reasons in the written sentencing order." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). Because the district court sufficiently stated its reasons for the imposed sentence during the sentencing hearing, we decline to analyze the written order of disposition.