# IN THE COURT OF APPEALS OF IOWA

No. 25-0041
Filed September 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOY LANGRINE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter,

Judge.


        A criminal defendant appeals his sentence following his guilty plea to

assault with intent to commit sexual abuse. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**SANDY, Judge.**

Joy Langrine appeals his sentence following his guilty plea to assault with intent to commit sexual abuse. On appeal, Langrine claims that the district court abused its discretion in imposing a two-year sentence. Because the district court did not abuse its discretion, we affirm.

## I. Background Facts and Proceedings

In December 2022 and January 2023, Langrine resided at the same residence as his fifteen-year-old niece, M.M. On January 5, 2023, M.M. went to MercyOne Hospital in Dubuque, Iowa, after she reported to a family member that Langrine sexually assaulted her the previous day. During an interview with the police, M.M. reported that Langrine had also sexually assaulted her on December 23, 2022.

Langrine was subsequently arrested and charged by a two-count trial information. Counts I and II charged Langrine with sexual abuse in the third degree of a minor in violation of Iowa Code section 709.4(1)(b)(2)(d) (2023). The trial information was later amended to add count III, which charged him with assault with intent to commit sexual abuse in violation of Iowa Code section 709.11(3). Langrine initially pleaded not guilty but later entered into a plea agreement with the State in which he agreed to plead guilty to assault with the intent to commit sexual abuse.

At sentencing, Langrine asked the district court for a suspended sentence. The State argued for a two-year prison term, citing the nature and circumstances of the case. After considering both arguments the district court explained:

Mr. Langrine has no criminal history that we know of at all in this country, none that we know of anywhere; he's employed full-time; he's been out on bond since . . . late September of 2023, so he's been out on bond for more than a year with no new charges picked up, no reports of violation of pretrial supervision; and, again, employed full-time, and all of those things work well in his favor.

The stuff that doesn't work well in his favor is hard to look past, and that is an incident like this, a charge of this nature involving a fifteen-year-old who was his niece, and I can appreciate to some extent the argument that there may be some cultural issues, some difference of ideas and misunderstanding, but I have to make it extremely clear that this is a serious incident with serious consequences and it's harmful. We have a victim in cases involving assaults, and we know that these type[s] of things cause harm and cause emotional difficulties for victims.

So my job here is try to accomplish, to the best of my ability, a number of different things, and that is, some rehabilitation for the defendant, some deterrence of him specifically, deterrence of others similarly situated, protection of this victim, protection of the community, and addressing this behavior with appropriate punishment, and when I view all those factors, it is my opinion that a prison sentence is justified and appropriate in this case.

The district court continued, clarifying that the sentence "include[s] all of the things that I've said here on the record today; in addition to that, the recommendation made within the [presentence investigation report (PSI)], the recommendation made by the State of Iowa, and, again, my consideration of rehabilitation, deterrence and protection, those things in particular."

The district court then sentenced Langrine to a two-year prison term. Langrine now appeals.

## II. Standard of Review

"We review challenges to sentences within the statutory limits for an 'abuse of discretion.'" *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024) (citation omitted). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hill*, 878

N.W.2d 269, 272 (Iowa 2016). A district court's ground or reason is untenable when it is not supported with substantial evidence or is based on erroneous application of the law. *State v. Putman*, 848 N.W.2d 1, 7 (Iowa 2014).

**III. Analysis**

Langrine argues that because he had no prior criminal history, was from a different culture, and tested low to moderate to reoffend on the PSI report, the district court abused its discretion by giving him the harshest sentence possible.[1] However, the district court considered these factors when determining Langrine's sentence.

We begin our analysis with some basic principles related to sentencing. "When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). It is not our role to determine the sentence we would have imposed, but whether the sentence imposed was unreasonable. *Id.* In determining a defendant's sentence the district court should "consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Moreover, the district court should consider the defendant's age, criminal record, nature of the offense, employment and family circumstances, and

---

[1] Langrine does not argue on appeal that the district court abused its discretion because it failed to consider all appropriate factors, nor because it considered inappropriate factors.

propensities to reform. *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

Applying the above principles to the record before us, we conclude that the district court did not abuse its discretion in sentencing Langrine. In terms of mitigating factors, the district court considered Langrine's lack of prior criminal history, employment, cultural background, and his behavior while on bond and pretrial supervision.[2] The district court also considered the nature of the crime and its harmful consequences, the recommendation within the PSI, and the recommendation made by the State. As our courts have made clear: "The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). After balancing these factors, the district court properly concluded that a two-year sentence was appropriate. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983) ("An abuse of discretion is rarely found when sentence is imposed within the statutory maximum unless (1) the trial court fails to exercise its discretion or (2) the trial court considers inappropriate matters in determining what sentence to impose." (internal citations omitted)).

While Langrine may believe a different sentence was more appropriate, mere disagreement with the sentence imposed by the district court does not

---

[2] On appeal, Langrine points to the PSI finding that he tested at the low to moderate risk to reoffend to support the argument that the district court abused its discretion. However, Langrine ignores that the PSI recommended a two-year-sentence, which the district relied on when sentencing him. While the PSI recommendation was not binding on the district court, the court did not abuse its discretion when considering it. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019).

amount to an abuse of discretion. *See State v. Laue*, No. 23-0208, 2023 WL 8448475, at *1 (Iowa Ct. App. Dec. 6, 2023) ("A different judge on a different day may have imposed a different sentence, but that does not amount to an abuse of discretion.").

Accordingly, we find the district court did not abuse its discretion in sentencing Langrine.

**AFFIRMED.**